### BETHUNE v. McDONALD.

1. FINDINGS OF FACT—ESTOPPEL.—A purchaser of land under mortgage resisted its foreclosure upon his allegation that at the time of his purchase he was told by plaintiff's assignor, then the owner of the mortgage, to go ahead and buy as there would be enough left to pay him. This was denied, and the Circuit Judge found that the defence was not sustained in fact nor sufficient in law, and these rulings were approved on appeal.

2. FORECLOSURE—OUTSTANDING INCUMBRANCE.—The owner of land cannot, on the ground of an outstanding dower incumbrance, resist a foreclosure of a mortgage on the land, he never having been evicted.

3. CONVEYANCE OF DOWER.—After the death of the husband, renunciation of dower by the widow is not the proper means of conveying her dower claim. And the renunciation in this case having been made on the deed of her son to a purchaser from him amounted to nothing more than a renunciation of all claim of dower against this purchaser, and did not operate as an assignment of her dower claim so as to enable this purchaser to assert it against a mortgage given by the son while the owner of the land.

Before ALDRICH, J., Kershaw, September, 1891.

This was an action of foreclosure instituted by Thomas R. E. Bethune, deacon of Pine Tree Presbyterian Church, against Daniel A. McDonald and Andrew J. Melton, commenced May 1, 1891. The Circuit decree was as follows :

The plaintiff brings this action to foreclose a mortgage executed by the defendant, D. A. McDonald, in favor of W. M. Shannon, said mortgage and the bond secured thereby having been assigned by said W. M. Shannon to D. M. Bethune, deacon of Pine Tree Presbyterian Church, and by said D. M. Bethune,

as deacon as aforesaid, to the plaintiff as deacon of Pine Tree Presbyterian Church. The mortgaged premises were conveyed by W. M. Shannon to D. A. McDonald, and the bond and mortgage in suit were given for the purchase money. D. A. McDonald, the obligor in the bond, and against whom judgment for the purchase money is demanded, makes no defence. Andrew J. Melton, the other defendant, is the grantee of said D. A. McDonald, the mortgagor, and is made a party defendant because he is the owner of the equity of redemption in the mortgaged premises.

The said Andrew J. Melton answers and by his answer sets up two defences : 1st. That the said defendant derived title to the tract of land described in the complaint from various sources, one of which is from Mary McDonald, the widow of Alexander McDonald, who, long before the commencement of this action, sold to the defendant an undivided one-third interest in the said premises for her life, and that he paid her the full value thereof in money ; and the defendant avers that said one-third interest in said premises is in no way subject to said mortgage ; and 2nd. That the plaintiff is estopped from setting up the mortgage herein on a portion of the mortgaged premises, on account of certain alleged agreements of D. M. Bethune, a former holder of the bond and mortgage, with said A. J. Melton, as set out in the answer.

The cause was referred to the master of Kershaw County to take and report the testimony. After hearing the testimony and argument of counsel for plaintiff and defendant, it is the judgment of the court: That, as to the matter set up, by way of estoppel against the plaintiff, the burden of proof is on the defendant, A. J. Melton, and the proof offered by said defendant fails to sustain said estoppel, as matter of law and fact and said defence is overruled. As to the other defence, it does not appear that the defendant, A. J. Melton, holds any deeds from Mary McDonald, the widow of Alexander McDonald, who is alleged to have had a dower interest in the mortgaged premises; but on the contrary, there appears on the deeds of D. A. McDonald to A. J. Melton of the mortgaged premises renunciations of dower by Mary McDonald. These renunciations of dower are a part of

the title under which A. J. Melton holds from D. A. McDonald, the plaintiff's debtor and mortgagor, and no evidence of any outstanding title purchased by A. J. Melton.

Besides, the plaintiff is seeking to foreclose a mortgage given by D. A. McDonald to W. M. Shannon, for the purchase money of lands conveyed by W. M. Shannon to D. A. McDonald. A. J. Melton purchased the lands from McDonald with notice of this mortgage. The plaintiff is certainly entitled to have this mortgage foreclosed against the party in possession of the land under the mortgagor, and to have the interest conveyed by Shannon to McDonald made liable for the purchase money. At the foreclosure sale, whatever McDonald mortgaged to Shannon, will be sold. McDonald could not mortgage any outstanding claims against the land and therefore such outstanding claims are not liable to the decree for foreclosure. I understand the law of this State to be, that when the mortgagor is in possession, not having been evicted by any paramount title, he cannot set up any outstanding title or encumbrance in an action for the purchase money. Melton having purchased from McDonald, with notice of the mortgage, cannot stand in any better position than his grantor. McDonald sets up no defence. Plaintiff is certainly entitled to subject what Shannan conveyed to McDonald and what McDonald mortgaged to Shannon, to the mortgage herein. This defence is therefore overruled.

It is, therefore, ordered and adjudged, that the plaintiff recover of the defendant, D. A. McDonald, the sum of one thousand eight hundred and fifty-eight and 90-100 dollars, the balance due on the bond and mortgage set out in the complaint herein, with the costs of this action ; that if said amount, with interest and costs, be not paid on or before the first Monday in December next, that the defendants and all persons claiming under them or either of them, subsequent to the filing of the notice of the pendency of this action, be foreclosed of all equity of redemption, or other interests in the mortgaged premises; that the premises, as described in the complaint herein, be sold, &c.

Andrew J. Melton, one of the defendants, appealed on the following grounds : I. Because his honor, the presiding judge,

erred in holding that the plaintiff was not estopped by the conduct and representations of his assignor, D. M. Bethune, in inducing this defendant to purchase the tract of land described in the fifth defence of his answer. II. Because his honor erred in holding that "these renunciations of dower are a part of the title under which A. J. Melton holds from D. A. McDonald, the plaintiff's debtor and mortgagor, and no evidence of any outstanding title purchased by A. J. Melton." III. Because his honor should have held that under the testimony Andrew J. Melton, having paid Mary McDonald the value of her undivided one-third interst for life in said premises, which was then an absolute estate, is entitled in equity to the possession thereof as against the plaintiff. IV. Because his honor erred in not holding that the attempted renunciations of dower endorsed upon said deeds were, under the testimony, to be taken as conveyances of Mary McDonald's interest in said land, her husband being at that time dead, and her inchoate right of dower having ripened into an absolute estate. V. Because his honor erred in not ordering the said Mary McDonald to be made a party to this cause so that a complete determination of the controversy might be had. VI. Because his honor erred in holding that this defendant be foreclosed of all equity of redemption, or other interest in the mortgaged premises. VII. Because his honor erred in holding "that where the mortgagor is in possession, not having been evicted by any paramount title, he cannot set up any outstanding title or incumbrance in an action for the purchase money. Melton having purchased from McDonald, with notice of the mortgage, cannot stand in any better position than his grantor."

*Messrs. Earle & Purdy*, for appellant.

*Mr. J. T. Hay*, contra.

February 24, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The late William M. Shannon purchased at sheriff's sale, many years ago, a tract of land, the

property of one Alexander McDonald, said to contain 330 acres and described in the complaint. He took sheriff's title for the same, and as it seems, allowed McDonald and his family to remain upon the land. About the year 1866, Alexander McDonald died, leaving a widow, Mary A., and a son, Daniel A., surviving him. On October 31, 1872, Shannon sold the land to the son, Daniel A. McDonald, and took from him a bond for $600, payable in instalments, bearing interest, and a mortgage of the premises, to secure the purchase money, which was regularly recorded. In February, 1872, Shannon transferred the bond and mortgage to one D. M. Bethune, and he, on April 27, 1891, assigned them to Thomas R. E. Bethune, "deacon of Pine Tree Presbyterian Church," the plaintiff, who instituted this proceeding to foreclose the mortgage for the balance due thereon, after deducting several small credits. The debtor mortgagor, Daniel A. McDonald, made no defence, but allowed judgment to be taken against him by default.

But one Andrew J. Melton was found in possession of the land, and being made a party defendant, answered, claiming to be the fee simple owner of the land, not subject to the lien of the Shannon mortgage. He alleged that the land had been divided into two parcels, of about 150 acres each, and that he had become the owner of both parcels at different times and in different ways, somehow as follows: *First.* That on December 8, 1881, he purchased one of the parcels from Mrs. Mary A. McDonald and her son, Daniel A. McDonald, the interest in the land of Mrs. McDonald being, as alleged, her claim of dower, as the widow of Alexander McDonald, who was the owner of the land when it was purchased by Shannon at the sheriff's sale. The defendant claimed that Mrs. McDonald's alleged dower interest conveyed to him, was not subject to the mortgage, and he was entitled to have it laid off to himself. *Second.* That afterwards, on December 31, 1884, he purchased from the same parties the other parcel of the land; but as to that, the plaintiff should be estopped from foreclosing the mortgage upon the ground that D. M. Bethune, while he held the mortage as first assignee, *induced* him to make the purchase, by making to him the following declaration: "Go ahead and buy it. The $100 you have already

paid me on the other piece of land and that land will secure my debt," &c.

The testimony was taken and reported by the master, and is printed in the "Brief." It appeared that the deeds of both parcels of the land were executed by Daniel A. McDonald alone, and on each of them appeared a "relinquishment" of dower in regular form. by the mother, Mrs. McDonald. In reference to the alleged declaration of D. M. Bethune, relied upon to raise a case of estoppel, he, the said D. M. Bethune, denied that he ever agreed to relese the second parcel from the mortgage and hold the same against the first piece alone.

The cause coming on for hearing before Judge Aldrich, his honor held as follows : "As to the matter of estoppel, the burden of proof is on the defendant, and the proof offered fails to maintain said estoppel, as matter of law and fact. The said defence is overruled. As to the other defence, it does not appear that the defendant, A. J. Melton, holds any deeds from Mary McDonald, the widow of Alexander McDonald, who is alleged to have had a dower interest in the mortgaged premises ; but, on the contrary, there appears on the deeds of D. A. McDonald to A. J. Melton of the mortgaged premises renunciations of dower by Mary McDonald. These renunciations of dower are a part of the title under which A. J. Melton holds from D. A. McDonald, the plaintiff's debtor and mortgagor, and no evidence of any outstanding title purchased by Melton," &c. From this decree A. J. Melton appeals—the grounds are printed in the "Brief" and need not be restated here.

The first exception complains that it was error in the judge to hold that the plaintiff was not estopped by the conduct and representations of D. M. Bethune, while he held the bond and mortgage, as first assignee. That was largely a question of fact, and the burden of proof on the defendant, who made the plea of estoppel. The alleged declaration on which the plea rested was denied, and being entirely without consideration, we agree with the Circuit Judge, that the proof did not sustain the plea, in fact or in law.

The other exceptions in different forms seem to make the point that Mrs. Mary McDonald, being, as alleged, entitled to dower

in the land, as the widow of Alexander McDonald, sold and conveyed it to Melton, and he is now entitled to have the dower laid off to him. Mrs. McDonald is not a party in the case, and nothing that is done here can affect injuriously any right she may have. But if her right to dower were clear, as to which we say nothing, the mortgagor never having been evicted, the defendant could not, upon that ground, resist foreclosure of the Shannon mortgage. *Childs* v. *Alexander*, 22 S. C., 185; *Lessly* v. *Bowie*, 27 *Id.*, 194.

Melton, however, claims that he purchased the dower interest, and it should now be laid off to him. Even if Mrs. McDonald had regularly conveyed that interest to him, we do not clearly see how that could avail the defendant, who, having purchased from D. M. McDonald with notice of the mortgage, can be in no better condition than his grantor. But the record evidence does not show that Mrs. McDonald separately conveyed her claim for dower as such to Melton. On the contrary, she seems to have executed on each of the deeds of her son, D. A. McDonald, to Melton, what purports to be a regular "renunciation" of dower, which, her husband being dead, was not the proper means of conveying her separate dower claim, but as it seems to us, in no event could amount to more than uniting in the conveyances of her son, and thereby enabling him to obtain a higher price from the purchaser, Melton, than he otherwise would have done. We agree with the Circuit Judge that there was no outstanding incumbrance of which the defendant, Melton, could avail himself in resisting foreclosure of the Shannon mortgage.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.