## LESSLY v. BOWIE.

1. A claim for improvements cannot be made by defendant in an action for the foreclosure of a mortgage. Such a claim can be made under the betterment laws only after final judgment in an action "for the recovery of lands and tenements."
2. In a sale of land there is no implied warranty; a purchaser, in the absence of fraud, can only protect himself by covenants in writing.
3. The general warranty in a deed of conveyance embraces all the covenants formerly used in conveyances of land; and for a breach of any of them, the purchaser may recover damages by original action, or by way of counter-claim to an.action for the purchase money.
4. An outstanding claim of dower is an encumbrance, but the vendee is not entitled to recover damages therefor as a breach of his warranty until he has extinguished it (and then only to the extent of his payment), or unless he has been thereby evicted.
5. Outstanding paramount title to land, in whole or in part, is a breach of the warranty of seizin at the date of the deed, for which, possibly, a court of law would award nominal damages, although there had been no eviction; but such a case furnishes no ground in equity for the rescission of the contract of purchase, and cannot be interposed as a defence to an action for the foreclosure of a mortgage given for the purchase money.

Before FRASER, J., Abbeville, February, 1887.

This was an action by Cynthia J. Lessly against Jacob H. Bowie, commenced December 17, 1886, for the foreclosure of a purchase money mortgage of a tract of land. The defendant answered, admitting the execution of the note and mortgage sued on, but alleged that said premises had been conveyed to him by plaintiff under a deed of the same date as the mortgage sued on, and that this deed contained a covenant of general warranty. It further alleged the grounds of defence stated in the opinion, which also states all other matters necessary to a full understanding of the case.

*Messrs. Perrin & Cothran,* for appellants.

A general warranty in our deeds of conveyance embraces the five English covenants. 9 *Rich.,* 374. A covenant of seizin, if broken, is broken as soon as made. 3 *McCord,* 449. But the covenant against encumbrances and for quiet enjoyment is not broken until eviction, or damages ascertained and paid. 5 *Rich.,* 12. Whitworth *v.* Stuckey involved matters of encumbrance and *partial* failure of consideration, and is inapplicable here. 1 *Rich. Eq.,* 405. And in that case there seemed to be no probability of any action being brought. This defendant might have brought action to rescind the contract before eviction, or purchase money paid. 3 *McCord,* 449; 1 *Speer,* 124; 3 *Hill,* 305. Or he might set up such failure, before eviction, as a defence to an action for the purchase money. 25 *Wend.,* 116; 2 *Nott & McC.,* 189. Breach of the covenant of seizin makes the cause of action—not eviction. 9 *Rich.,* 377; 12 *S. C.,* 42. This defence is particularly available under the code, *section* 171. 23 *S. C.,* 388; 24 *Id.,* 446. If defendant is entitled to rescission, court will not order execution of the contract. 1 *Rich. Eq.,* 409. See, further, 1 *Bay,* 256, 326; 2 *Id.,* 558; 1 *Nott & McC.,* 187; 1 *Hill,* 321, 324; 1 *Bail.,* 217, 250; 22 *S. C.,* 185.

*Mr. Eugene B. Gary,* contra.

In action to foreclose mortgage given for the purchase money, defendant cannot set up paramount title in a third person as a

*defence* under his covenant of warranty, but can only get the benefit of a want of seizin in his grantor by alleging it as a *counter-claim.* 13 *S. C.*, 203; 6 *Rich.*, 361; 1 *Rich. Eq.*, 409; 20 *S. C.*, 553; 12 *Id.*, 56. Nor is outstanding paramount title a defence while the vendee remains in possession. 22 *S. C.*, 169; 1 *Rich. Eq.*, 409; 1 *Rich.*, 153; 3 *Id.*, 196.

July 16, 1887. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. In 1885 the plaintiff sold the defendant a tract of land for $1,000, conveyed the same to him with the usual general warranty of title, and to secure the purchase money took a sealed note and a mortgage of the premises. After the note fell due the plaintiff instituted these proceedings to foreclose the mortgage. The defendant answered:

"First. That the plaintiff was not seized of an absolute estate in fee, or of any estate whatever in said land in her own right at the time of, or any time since, the execution of said deed; but, on the contrary, the absolute fee or estate in the said premises did, and does now, vest in James H. Ballard and Thomas B. Cook, and others, whose names are unknown to the defendant, who are the sole heirs at law of Jemima Kemp, *alias* Jemima Hughes, who died in possession of, and as the owner of, the legal title in fee of the said premises without any child or children and intestate.

"Second. That the defendant entered into the possession of the said premises under said deed, and has made valuable improvements thereon; that he has not been permitted peaceably to occupy and enjoy said premises, but, on the contrary, he has been served with a complaint and summons in an action by the aforesaid heirs at law of the said Jemima Kemp for the possession of the said premises, which suit is now pending in said court, &c.

"Third. As a partial failure of consideration of said note and mortgage, defendant alleges that the said Jemima Kemp, *alias* Hughes, at the time of her death, was seized in fee and in possession of the premises, and was the alleged wife of Abner L. Hughes, but died childless and intestate; that subsequently to the death of Jemima Kemp the said premises were sold by the

sheriff of Abbeville County as the property of the said A. L. Hughes by virtue of an execution issued upon a judgment of S. McGowan against the said A. L. Hughes, and purchased by James E. Todd, the alienor of the said plaintiff, and the plaintiff was not, at the time of executing said deed of conveyance, nor since, the owner of any other interest in said premises than that which was purchased by the said Todd at said sale and conveyed to her.

"Fourth. That previous to the said judgment (S. McGowan's) the said A. L. Hughes married Margaret Waldrop, who is now living, and has notified the defendant that she intends to bring her action for her dower, as her husband, A. L. Hughes, since his last marriage, has departed this life."

"Wherefore the defendant demands judgment: 1. That the plaintiff be enjoined from proceeding further with this action until it be determined in whom the title to the said premises rests. 2. That the said complaint be dismissed, and that he have his costs and expenses," &c.

On January 4, 1886, after the commencement of this suit for foreclosure, the action of James H. Ballard and others against James H. Bowie and others was instituted in the Court of Common Pleas for the recovery of the said land. Notice was given to C. J. Lessly, the plaintiff, to defend the title in that case.

The cause came on to be heard by Judge Fraser, and the plaintiff interposed an oral demurrer that the answer did not state facts sufficient to constitute a defence. The judge held that the claim for improvements could not be made in an action for foreclosure of a mortgage; and as to the alleged paramount outstanding title decreed as follows: "In cases where there is a covenant of warranty of title, the purchaser has his remedy over on his covenant, in case there is a failure of title. The purchaser may maintain his action on the covenant before eviction, if he can show that the grantor had no title at the time of the sale. *Johnson* v. *Veal*, 3 *McCord*, 449. When, however, he waits until an action is brought for the purchase money, he cannot set up by way of defence a failure of title in whole or in part, at least where, as in this case, there has been no actual eviction. This I understand to be the rule as laid down in *Whitworth* v.

*Stuckey,* 1 *Rich. Eq.*, 409, and reaffirmed in *Childs* v. *Alexander,* 22 *S. C.* (1884), 185.'' And so ruling he sustained the demurrer and gave judgment of foreclosure.

From this decree the defendant appeals to this court, alleging error in the following particulars : ''I. In sustaining the demurrer and dismissing the answer. II. In holding 'that whenever a purchaser waits until an action is brought for the purchase money, he cannot set up by way of defence a failure of title, in whole or in part, at least where, as in this case, there has been no eviction.' III. In giving judgment of foreclosure and for sale of the mortgaged premises. IV. In holding that if the answer is true, it is no defence. V. In giving judgment for $1,155.64, the mortgage debt.''

We agree with the Circuit Judge, that a claim for improvements cannot be made in an action for foreclosure of a mortgage. By the terms of the betterment act the right to claim improvements is given only after final judgment in an action ''for the recovery of lands and tenements.'' See section 1835 of the General Statutes and amendment of 1885. 19 *Stat.*, 343.

There has been much discussion in our courts as to whether a purchaser of land, who is in possession under general warranty of title, may defeat an action for the purchase money by showing paramount outstanding title in another before he has been evicted or has actually suffered damage. In a sale of lands there is certainly no implied warranty as there may be in reference to personalty. There is no such thing as a failure of consideration arising out of a contract implied, or, as it is sometimes expressed, the equitable condition of sale. A purchaser must protect himself, if at all, by covenants in writing, out of which all his rights of defence must come, except, perhaps, in the case of fraud. *Mitchell* v. *Pinckney*, 13 *S. C.*, 204. This defendant did protect himself by a deed of general warranty, which, since our act of 1795, has been interpreted to embrace all the covenants used in conveyances of land prior to that time, viz., that the vendor is seized in fee ; that he has a right to convey ; that the vendee shall quietly enjoy ; and that free from all encumbrances ; and also it seems for further assurances. See *Jeter* v. *Glenn*, 9 *Rich.*, 374. It has also been held that damages arising from the breach

of any of these covenants may be set up in an original action, or by way of discount or counter-claim against an action at law for the purchase money.

Assuming, then, that the facts are as stated in the answer (from the force of the demurrer), were they sufficient to constitute a defence to the foreclosure of the mortgage for the purchase money, or was the judge right in sustaining the demurrer ? Several matters are separately stated in the answer. First. As to the alleged outstanding claim of dower. That is in the nature of an encumbrance, and was covered and guarded against by the covenant "against encumbrances" embraced in the general warranty. The encumbrance seems to have been in existence at the time the warranty was executed, and in strictness was a breach of it at the time it was made. But, assuming that the mere existence of the encumbrance at the time the deed of warranty was executed, amounted to a technical breach on the instant, it has been held that for such breach alone merely nominal damages are recoverable. *Evans* v. *McLucas*, 12 *S. C.*, 56. In that case Chief Justice Willard, in delivering the judgment of the court, said : "The question is not directly that of the right to maintain an action for the breach of the covenant, independent of the question of damages, but whether the defendant has sustained any damage that should be allowed by way of counterclaim to the plaintiff's demand. It is very clear in all the authorities that no damage can be recovered until the vendee has either extinguished the encumbrance in whole or in part, and in that case to the extent of payment for the purpose and intent, or unless he has lost the land in whole or in part under such encumbrance. *McCrady* v. *Brisbane*, 1 *Nott & McC.*, 104, 9 *A. D.*, 676 ; *Prescott* v. *Trueman*, 4 *Mass.*, 627, 3 *A. D.*, 246 ; *De La Vergne* v. *Norris*, 7 *Johns.*, 358, 5 *A. D.*, 381."

Second. As to the defence interposed of outstanding paramount title to a part of the land. To the extent of the deficiency stated, this was a breach of another covenant embraced in the warranty, viz., that the vendor was seized in fee. That breach also was as old as the deed itself, and, as it has been held, would have supported an original action at law for damages, even before eviction (*Johnson* v. *Veal*, 3 *McCord*, 449), but whether

the recovery in such case would or would not be limited to the recovery of merely nominal damages, it seems to us clear that such outstanding title to only a part of the land could not, in any view, constitute a ground for a rescission or a defence to the action for the whole of the purchase money. Indeed, as we understand, it was admitted in the argument at the bar that this part of the answer setting up partial failure of consideration could not stand as good ground for a rescission or as a defence to the action, and to that extent the order sustaining the demurrer was right.

Third. But it was strongly urged upon us that the facts were so stated in the first defence as to claim that there was paramount outstanding title to the whole land; and the plaintiff never having been seized of any part of it, there was an entire breach of the covenant of seizin at the moment the warranty was executed, for which an action at law would lie for damages then and ever afterwards with or without eviction. And from this it was earnestly urged that in such case, in lieu of, and as a substitute for, such damages at law, equity will decree a rescission of the whole contract. If such an action can be brought at law on the simple breach of covenant, we do not see that the conclusion indicated must necessarily follow. Although several old cases do hold that outstanding paramount title is *eo instanti* a breach of the covenant of seizin, and that the covenantee may bring his action for damages before eviction, yet it is difficult to understand clearly upon what principle the damages in such a case would be assessed, when the purchaser is still in possession, and there has been no breach of the other covenant embraced in the warranty of "quiet enjoyment."

In view of the decisions referred to, it certainly is remarkable that no case can be found in our reports in which damages to the extent of the purchase money have been recovered for a mere technical breach of the covenant of seizin alone without actual damage sustained, or eviction. Indeed, the distinguished Chancellor Johnston, in delivering the judgment of the old Court of Errors in the case of *VanLew* v. *Parr* (2 *Rich. Eq.*, 340), said: "Arguments were drawn by counsel from a very extensive and critical examination of the law decisions of this State to show that as the law courts, in certain cases, allow damages upon breach

of the covenants of deeds conveying land where there has been no previous eviction, equity should rescind the contract where the remedy at law is incomplete. \* \* \* The law courts seem to have been struggling for years to get clear of the early decisions allowing recoveries on the ground of failure of title without eviction, and they appear to have settled at last in this result— that in actions brought for the purchase money, the purchaser may make a clearly subsisting outstanding title the ground of abatement for the contract value of such part of the premises as it may cover. It has been proposed, as a just inference from this, that where, from the remoteness or contingency of the outstanding title, law cannot give damages, equity should interfere and rescind the contract. But apart from the incompetency of a Court of Equity to try the validity of the outstanding title, is it not obvious that the remoteness and contingency which renders it inappreciable at law, must necessarily make it equally uncertain what degree of importance should be attached to it as a ground for rescission in equity ? If the defect of title be such as authorizes a court of law to interfere, be it so. That is one of the advantages of his covenants to which equity leaves the purchaser. But if it be of such a nature that law declares him entitled to no relief in virtue of the security he has himself selected, as was the case in this instance, it seems a strained inference that the declaration entitles him to relief elsewhere," &c.

But without reopening the argument, we think the question has been finally settled by the more recent and well considered cases, which concur in holding that : "While a purchaser of land remains in quiet possession thereof, he cannot sustain a bill for a rescission or abatement of price on the ground of an outstanding title, unless on the score of fraud." See *Whitworth* v. *Stuckey*, 1 *Rich. Eq.*, 410; *VanLew* v. *Parr*, 2 *Id.*, 350; and *Childs* v. *Alexander*, 22 *S. C.*, 185, and the authorities therein referred to.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.