## MOSS v. JEFFERIES.

The complaint alleged that over 34 years ago plaintiff had conveyed a tract of land to one A in exchange for two smaller tracts of land belonging to A's wife, and possession was accordingly taken respectively, and quietly and uninterruptedly held ever since; that A had mortgaged the land so conveyed to him; but that recently, and since A's death, it had

been discovered that the conveyance to plaintiff of the two smaller tracts was defectively executed in that there was no proper relinquishment of inheritance, and the widow of A had commenced an action for the recovery of these two smaller tracts. The relief prayed was that the mortgagee be enjoined from selling the larger tract and that the contract and deeds of exchange be rescinded. *Held*, that the complaint did not state facts sufficient to constitute a cause of action, either for rescission of contract or for damages for breach of warranty. MR. JUSTICE McGOWAN, *dissenting*.

Before FRASER, J., Spartanburg, August, 1889.

This was an action by Elizabeth Moss against John R. Jefferies and others, commenced December 1, 1887. The opinion states the case.

*Messrs. Nicholls & Moore*, for appellant.

*Messrs. C. P. Sanders* and *D. E. Hydrick*, contra.

March 3, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. Inasmuch as the questions presented by this appeal arise upon a demurrer based upon the ground that the complaint does not state facts sufficient to constitute a cause of action, it will be necessary to make a condensed statement of the allegations of the complaint, which are substantially as follows: that on or about the 17th of August, 1853, the plaintiffs made an agreement for an exchange of lands with Woodward Allen and his wife, the defendant, Harriet Allen, whereby the plaintiff was to convey to them a certain tract of land containing 82 acres, and pay them a specified sum of money, in consideration whereof the said Woodward Allen and wife were to convey to plaintiffs, by good and sufficient titles, two tracts of land, one containing about 37 acres and the other 42 acres, the said two tracts being the estate of inheritance of said Harriet Allen, and her husband having no estate therein except by reason of his marital rights; that in pursuance of said agreement plaintiff conveyed to the said Woodward Allen and wife Harriet, by deed containing full covenants of warranty, the 82 acre tract, and paid to them the sum of money specified; that this was done in full

faith and confidence that like good title should be made to plaintiff by said Woodward Allen and wife for the 37 acre and 42 acre tracts of land, as plaintiff believes and alleges it was their intention to do, but in fact the conveyance of the said two tracts was wholly insufficient for that purpose, inasmuch as the said Harriet never renounced her estate of inheritance therein; that plaintiff supposing at the time the conveyance to be good, went into possession of the two tracts thus conveyed to her, and has ever since retained possession thereof, and has made large and valuable improvements thereon; that at the same time she put the Allens in possession of the 82 acre tract, and they, or one of them, have ever since enjoyed possession thereof; that Woodward Allen died on the 3rd of April, 1880, leaving a will whereby he devised the whole of his estate to his widow, the said Harriet, and their children, appointing as executors thereof the defendants, John R. Jefferies and Eber C. Allen, empowering them to sell or mortgage his real estate for certain purposes; that after the death of said Woodward Allen, his executors, in pursuance of the power conferred upon them by said will, executed a mortgage on the real estate of their testator, including the 82 acre tract above mentioned, to the defendant, R. C. Oliver, to secure an indebtedness incurred to him, in part by the testator and in part by the executors; that the estate of Woodward Allen proving to be insolvent, his executors, together with certain of his devisees and heirs at law, brought an action in this court against Harriet Allen and the other devisees of testator, together with certain of his creditors, claiming to have liens on testator's estate, alleging, amongst other things, the insolvency of the estate, and praying for a sale of the real estate, and that the proceeds thereof, after paying costs and lien debts, be paid over to the executors to be applied by them in due course of administration; that under those proceedings the said Harriet Allen set up no claim to the 82 acre tract of land, either as her estate of inheritance or otherwise, and under the decree in that case the same was ordered to be sold as part of the estate of Woodward Allen, and the same is now advertised for sale; that the said Harriet Allen has commenced an action against the plaintiff to recover possession of the two tracts of 37 and 42 acres respectively, heretofore conveyed, as above

stated, by Woodward Allen and wife Harriet to plaintiff, but without any renunciation by said Harriet of her estate of inheritance thereon ; that the other defendants, together with said Harriet, except those who are named as lien creditors of Woodward Allen, are the only devisees and heirs at law of said Woodward Allen.

Upon these allegations judgment is demanded : 1st. That the defendants be enjoined from selling the 82 acre tract of land. 2nd. That said Harriet Allen be required to elect whether she will take as her land the two tracts of 37 and 42 acres respectively, now occupied by plaintiff, or the 82 acre tract conveyed to her and her husband.    3rd. That in case the said Harriet Allen shall fail to confirm the title of plaintiff to the two tracts now occupied by her, then that the title to the 82 acre tract be adjudged to be still in the plaintiff.

To this complaint none of the defendants, except R. C. Oliver, answered in the first instance, and upon the coming in of his answer, the case was referred to the master to hear and determine the issues therein.    At the hearing before the master, the executors of Woodward Allen, together with some of the devisees, including his widow, Harriet Allen, put in their answers, signed by one of the attorneys for the plaintiff, admitting all the allegations of the complaint, and joining in the prayer thereof.    These answers, on the morning of the hearing before the master, were served upon the attorneys for plaintiff, but not upon the defendant Oliver, and the master allowed these answers to come in, the plaintiff assenting thereto.    At the hearing the defendant Oliver did not read his answer, but demurred orally to the complaint, as well as to the answers of the executors and devisees, on the ground that the facts stated therein were not sufficient to constitute a cause of action.    The master sustained the demurrer as to the complaint, but proceeded to take the testimony set out in the "Case."

The master, in his report, after stating that he sustained Oliver's demurrer and dismissed the complaint as to him, and finding that the allegations of the complaint were true, and that plaintiff was entitled "to the relief demanded in the complaint as against all the defendants who have made default, or who have

joined in the prayer of the complaint, the rights of the defendant
Oliver being not before the court, nothing is decided as regards
his claim," recommended that the defendant, Harriet Allen, be
required to reconvey to plaintiff the eighty-two acre tract of land,
and that plaintiff be put into possession of the same; that the
title of Harriet Allen be adjudged good to the other two tracts of
land as against the parties to this action, and that all parties
herein, except the defendant Oliver, be enjoined from selling the
82 acre tract.    To this report both Oliver and plaintiff excepted,
the former upon the grounds set out in the record, which need
not here be specifically stated, and the latter upon the ground that
the master erred in sustaining Oliver's demurrer, and in not
granting the same relief against him as he did against the other
defendants.

Upon this report and exceptions the case was heard by his
honor, Judge Fraser, who rendered his decree, holding that the
facts stated in the complaint are not sufficient to constitute a
cause of action against any one, and he therefore rendered judg-
ment dismissing the complaint.    From this judgment plaintiff
appeals upon the several grounds set out in the record, which we
do not deem it necessary to repeat here, for the only question
really presented is, whether there was error in holding that the
facts stated in the complaint are not sufficient to constitute a
cause of action against any one.

We concur in the view taken by the Circuit Judge.    Stripped
of all superfluous matter, the plaintiff's claim at best amounts
simply to this: that many years ago she made an absolute con-
veyance, with full covenants of warranty, to the Allens for the
82 acre tract, in consideration that she was to receive from them
good and sufficient titles for the 37 and 42 acre tracts respective-
ly; that although she has enjoyed full and uninterrupted posses-
sion of these two tracts for upwards of thirty years, she has here
lately become apprehensive that her title thereto is not good, and
that she may be evicted under an action which has been brought
and is now pending against her, and she therefore claims a rescis-
sion of this executed contract for the exchange of said lands.    It
is quite clear, under the cases of *Whitworth* v. *Stuckey* (1 Rich.
Eq., 404), recognized and followed in the recent case of *Childs*

v. *Alexander* (22 S. C., 169), that such a state of facts consti-
tutes no cause of action, either for a rescission of the contract or
for damages for a breach of warranty; and this for the simple
reason that no breach of warranty has yet occurred, and none
may ever be committed.    So that looking at the case in the light
most favorable to the plaintiff, as an action against Harriet Allen
alone, it is quite clear that, in the absence of any allegation of
fraud (and none such is made here), the facts stated in the com-
plaint are not sufficient to constitute a cause of action even against
her.    But when the rights of *bona fide* creditors, without notice
(for there is no allegation of notice in the complaint), have become
involved, it seems to us too clear for argument that the action
cannot be sustained.

It may be that the facts stated in the complaint, if sustained
by proof, will furnish a good defence to the action brought by
Harriet Allen against the plaintiff to recover the two tracts of
land.    It may be that a Court of Equity would not permit Harriet
Allen to recover from the plaintiff the land intended to be assured
to her by good and sufficient titles, after she has voluntarily
placed it beyond her power to restore to the plaintiff the land she
received on the exchange, by acquiescing in the decree made in
a cause to which she was a party, adjudging said land to be the
property of her husband, and directing it to be sold for payment
of his debts, one of which was secured by a mortgage on this very
land, which possibly was given with her knowledge and approval,
for it is stated in the case of *Jefferies* v. *Allen* (29 S. C., 501),
that she renounced her dower on the mortgage to Oliver.    All
this may possibly be so, but that is not the question now before
us, and therefore we express no opinion as to these matters.

The judgment of this court is, that the judgment of the Cir-
cuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON concurred.


MR. JUSTICE MCGOWAN, *dissenting.*   I cannot concur.   It
may be that the statements of the complaint were not as full as
they might have been.    But it seems to me, if the 82 acres con-
veyed by Mrs. Moss were now beyond the reach of rescission,
that the court should not permit Mrs. Allen, or any one under

her claim, to recover back the two small tracts of land which, in the exchange, were the consideration of the 82 acres. Mrs. Allen should not be permitted to have both the 82 acres and the lands given in exchange for that tract.