### THE COMPUTING SCALES CO. v. LONG.

1. PLEADINGS—MOTION TO STRIKE OUT—TO MAKE DEFINITE.—A pleading cannot be stricken out on motion because indefinite and uncertain, but remedy is motion to make more definite.
2. FRAUD.—ALLEGED MISREPRESENTATIONS as to the quality of computing scales not sustained by the evidence.
3. CONTRACT—DEFENSE—PATENT.—Purchaser of a chattel cannot rescind the contract because there is a dispute between the seller and a third person as to an infringement of a patent right, and because purchaser would be subjected to suits for infringement if he used the article.
4. INTEREST.—An executed written contract to pay a certain sum at a certain date, bears interest from date of maturity.

Before DANTZLER, J., Lexington, December, 1902. Affirmed.

Action by The Computing Scales Co. against J. W. Long. From judgment of Circuit Court, defendant appeals.

*Mr. E. S. Asbill,* for appellant, cites: *Motion to strike out at trial comes too late:* C. C. Rule XX.; 11 S. C., 409; 12 S. C., 130; 52 S. C., 205; 50 S. C., 514. *As to the right of defendant to rescind:* 37 S. C., 18; 2 Rich., 40; 27 S. C., 376; 30 S. C., 15; 19 Ency. P. & P., 38; 36 S. C., 66; 33 L. R. A., 103; Benj. on Sales, 6 Am. ed., 600, 603, 605; 66 Md., 391; 58 Md., 59; 21 Ency., 6, 49; 25 S. C., 136; 22 Ency., 270. *As to infringement:* 22 Ency., 459; 5 Pat. Off. Gaz., 491; 11 Fed. Cas., No. 242; 36 Fed. R., 186; 56 Fed. R., 589; 8 Fed. R., 269; 22 Ency., 2 ed., 272; 5 U. S. Stat., 543; 12 Id., 248, 333, 276; Rev. Stat. U. S., sec. 4929; 42 Fed. R., 410; 22 Ency., 2 ed., 467, 458; 87 Fed. R., 559. *Federal Courts have exclusive jurisdiction of suits as to infringement, &c.:* 22 Ency., 2 ed., 479; U. S. Rev. St., sec. 629, sub. 9, sec. 711, sub. 5. *State Courts have jurisdiction where the patent right is a collateral issue:* 16 Conn., 409; 17 Ill., 179; 57 N. C., 124; 47 N. Y., 662. *The account does not bear interest:* 30 S. C., 177; 2 Bail., 173; 5 Rich., 376; 29 S. C., 590.

*Mr. Jos. A. McCollough,* contra. No printed argument.

June 18, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, through its traveling salesman, Hardy, sold by written contract to defendant, on March 4th, 1897, computing scales for the price of forty dollars, payable ten days after shipment. The defendant duly received the scales, but after keeping them in his store for some days unopened, reshipped them to plaintiff's address, and refused to pay the purchase money. The plaintiff then commenced this action for the contract price. By a consent order, the cause was referred to a referee, who sustained the defenses involved in this appeal. The Circuit Judge, at the hearing, reversed the findings of the referee, and upon his decree judgment has been entered for the plaintiff for the full amount claimed.

The grounds of appeal to this Court involve only two paragraphs of the answer, and these will be considered separately.   The first of them is as follows:

"That the computing scales offered to the public by the plaintiff's agent, P. D. Hardy, during March, 1897, at Lexington, S. C., were fraudulently represented by false claims and flagrant misrepresentations by the said P. D. Hardy, and that the said computing scales had acquired a false value by fraudulent misrepresentations in advertisements, and that the said scales are not as represented by the plaintiff and its agent, P. D. Hardy."

The plaintiff moved before the referee and the Circuit Judge to strike out this defense as too indefinite and uncertain.   Neither referee nor Circuit Judge made any ruling on this motion; but the plaintiff, after due notice to the defendant, asks this Court to hold that the motion should have been granted.   A pleading cannot be stricken out for indefiniteness.   The remedy is a motion to make more definite and certain.   Code of Civil Procedure, sec. 181.   The plaintiff having made no motion of that kind, evidence of any misrepresentation whatever to defendant, tending to defeat the recovery, was properly admitted and considered.

To sustain this defense, the defendant testified that Hardy, the selling agent, had represented the scales to be dust proof, and afterward, when the scales were sent, told him to keep paper over them as a protection from dust.   The witness, Gunter, testified that scales sold by plaintiff to other parties had rusted, that they would not compute certain fractions of a cent, and that mistakes could be made in using them.   In the sale of machinery, the Court must assume that representations as to its fitness are based on the supposition that it will be used with some degree of care and intelligence.   There is no evidence here of the conditions under which the scales rusted, or how the mistakes were made, nor whether the use of the paper to keep out dust was a necessity or only suggested as an extra precaution; and it does not appear that the selling agent represented the

scales would compute all fractions.    Aside from all this, the scales sold to the defendant were never unpacked; no testimony was offered that those spoken of by defendant's witnesses were of the same pattern, and the Court cannot assume this as a fact.    It is significant that the defendant, in his letter to plaintiff giving notice of the return of the scales and of his refusal to pay for them, makes no complaint of the quality of the scales, but places his refusal on the sole ground that suits were pending involving the patent rights.    In his testimony he again says he returned them because he had been notified of such suits.    The defendant has entirely failed to sustain his allegation of misrepresentation as to the quality of the scales.

The other defense involved in this appeal is thus stated in defendant's answer : "That the plaintiff is not the undisputed owner of the patent rights to the said scales and fixtures thereof mentioned in plaintiff's complaint, and that the defendant could not use the said scales without subjecting himself to suits for infringements."

If the defendant had alleged and proved that the plaintiff had sold him scales in infringement of the patent of a third party without giving notice of such infringement, he could have rescinded the sale without waiting for suit and judgment against himself for using the scales in violation of the patent rights of another.    It is true, as a general proposition, that a purchaser cannot rescind for failure of warranty until there has been eviction or other actual damage suffered. *Bethune* v. *McDonald,* 35 S. C., 93, 14 S.·E.; 674; *Childs* v. *Alexander,* 22 S. C., 185; *Lessly* v. *Bowie,* 27 S. C., 200, 3 S. E., 199.    These cases all involved express warranty in the sale of real estate; but in the sale of personal property there is an implied warranty of title, and the same rule applies. *Ware* v. *Weathnall,* 2 McC., 413; *Habersham* v. *Rodrigues,* 1 Speer, 318; Benjamin on Sales, sec. 961.    If, however, the vendor at the time of the sale knew of a valid outstanding title or incumbrance and failed to give notice to the vendee, the element of fraud is introduced, and the vendee may

rescind without waiting for actual loss to come to him. This doctrine is stated by Chancellor Harper in *Whitworth. v. Stuckey,* 1 Rich. Eq., 410, and is founded upon the plainest principles of justice. But mere dispute about the title, or the contingency of future loss, does not warrant a rescission, and, where the buyer returns the goods and refuses to pay the purchase money, it is incumbent on him to show that there is a valid adverse claim from which loss to him would inevitably occur. 14 Am. & Eng. Ency. Law, 142; Benjamin on Sales, sec. 849, note. This rule is applied to the defense set up by a vendee, that the use of the article purchased would involve him in litigation for infringement of an outstanding patent, in *Gas Co.* v. *Electric Co.,* 50 Fed., Rep., 778, and The Electron, 74 Fed. Rep., 689. The application of the rule may sometimes result in hardship, but to adopt any other would make it possible for a purchaser to escape from his contract upon any claim coming to his notice, however baseless·or absurd it might be. The utmost that can be claimed for the defendant here is that he alleged the patent rights to the scales sold were in dispute. The evidence does not connect the scales sold to defendant with any disputed patent. The letter of Hoyt Scales Co., competing dealers, which the defendant says in his letter of May 1st, 1897, caused him to return the scales, refers to them as an imitation of Troemner scales, but there is no evidence whatever that the Troemner scales are patented. The testimony of Koehne is that the scales sold defendant are not provided with weights of the design involved in the Culmer patent suit, and this is undisputed, for there is no proof whatever that the scales referred to by plaintiff in his letter to Fox, Marsh & Co. were of the same pattern as those sold to defendant. The testimony of Ozias, the manager of the plaintiff company, to the effect that the scales were not like the Phelps patent, which was in litigation between the Hoyt Company and the plaintiff, is also undisputed. There is, therefore, an entire absence of proof that the scales involved in this suit fall under any disputed patent; but even if the

right to make and sell them had been in dispute, this would be no defense.

.Upon the question of interest, it is only necessary to say there was an express written contract to pay a certain

4    sum of money at a fixed time, and this sum should bear interest from maturity.

We are unable to find grounds upon which any of the exceptions can be sustained.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.