## 6773

### COLEMAN v. WHITTLE.

FRAUD—DOWER—REAL PROPERTY.—One who contracts with the wife as agent of her husband for purchase of a tract of land owned by him, upon assurance that he would be given a perfect title, and who accepts from the husband a deed with general covenant of warranty, but without renunciation of dower, and executes a bond and mortgage for portion of purchase money, can not recover damages or have abatement of the purchase price in foreclosure of mortgage because of the outstanding inchoate right of dower in the wife, until it has been extinguished or he has been evicted.

Before HYDRICK, J., Barnwell, July, 1907. Affirmed.

Action by W. M Coleman against J. D. Whittle. From order sustaining demurrer to answer, defendant appeals.

*Messrs. B. T. Rice* and *R. C. Hallman,* for appellant, cite: *Wife may be estopped by her conduct:* 10 Ency., 206; 4 N. Y., 94; 5 N. Y., 113; 14 N. Y., 9; 96 Am. Dec., 279; 2 Scribner on Dow., 269; 17 S. C., 563; 2 Rich. Eq., 77.

*Messrs. Hendersons,* contra.

February 27, 1908.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The complaint in this action contained the usual allegations for foreclosure of a mortgage, securing a bond, executed by defendant to plaintiff on certain lands in Barnwell County.    The answer, without denying any of the allegations of the complaint, allege that the lands in question were conveyed to defendant by plaintiff and that the bond and mortgage were given to secure the purchase money thereof, in pursuance of a previous agreement made by the defendant through and by his wife, Mrs. Coleman, acting as his duly authorized agent, wherein plaintiff agreed to execute to defendant a good and perfect title to the premises free of encumbrances; that at the time of executing the deed the premises were not free from all encumbrances but were subject to the inchoate right of dower of plaintiff's wife, and that plaintiff, in violation of his agreement, has refused to free said premises of such encumbrance, and defendant prayed that in event such encumbrance be not removed defendant have credit on the purchase price for the value of the inchoate right of dower.

Judge Hydrick announced that he would sustain the demurrer under the authority of *Childs* v. *Alexander,* 22 S. C., 169, and *Leslie* v. *Bowie,* 27 S. C., 193, 3 S. E., 199, but at defendant's request suspended formal judgment to give him opportunity to move to amend his answer by alleging fraud on the part of plaintiff and his wife in imposing upon him a defective title.    Accordingly defendant moved to amend answer by adding the following allegations:

"Eighth.    That Mrs. W. M. Coleman, wife of the plaintiff, ought not to be admitted to say that she has any claim, right or interest of any kind or nature in the lands conveyed by plaintiff to the defendant, for the reason that all the negotiations leading up to the consummation of the purchase of said lands by the defendant from the plaintiff was transacted entirely with the wife of W. M. Coleman; and this

defendant was induced by Mrs. Coleman, wife of the plaintiff, to consent to purchase said lands, the said Mrs. Coleman, by her letters addressed to defendant, saying that she would sell said lands to the defendant, using the words in her said letters to defendant, 'I would not require heavy cash payment,' and such like terms, causing defendant to believe at the time that the title to the said lands was vested in her; and the defendant was induced, by the conduct and representations of said Mrs. W. M. Coleman, wife of plaintiff, to enter into the agreement with the plaintiff for the purchase of said lands, and the defendant alleges that he relied upon the conduct and representations of Mrs. W. M. Coleman in purchasing said lands from the plaintiff as to the title of the same, and defendant alleges that the said plaintiff and his said wife are attempting to defraud him to the extent of the value of the right of dower existing in the said wife of the plaintiff.

"Ninth. That Mrs. W. M. Coleman is a necessary party to this action in order that her outstanding right of dower may be determined in this proceding, as the same is a cloud on the title of defendant and prejudices the marketable value of same."

Judge Hydrick, after hearing the motion to amend, made decree formally overruling the demurrer, refusing the motion to amend and granting foreclosure as prayed for in the complaint.

Exception is taken to the ruling of Judge Hydrick that the proposed amendment did not set out facts from which might be inferred such fraud or equitable estoppel as would vindicate the following remarks in the decree:

"It is not alleged that defendant was misled, or that there was any misrepresentation or concealment of any fact with regard to the dower. He does allege that he was led to believe that Mrs. Coleman was the owner and that she would give him a perfect title to the land. If she were now claiming an interest in the land, proof of that allegation might avail the defendant; but she is not claiming any interest in the

land. In fact, there is no allegation or pretense that she claims any interest in the land. Admitting that defendant was misled into believing that Mrs. Coleman was the owner of the land, and that she was the person with whom he was dealing and from whom he was to get the titles, was he not fully informed of the truth, on the 14th of September, 1905, when he entered into the writen contract with the plaintiff for the purchase of the land? If he believed, up to that time, that Mrs. Coleman owned the land, he was certainly informed then, by the terms of the contract, that Mr. Coleman was the owner. By the terms of the contract, he had two weeks to investigate. After that investigation, which he is presumed to have made, he accepted a deed from Mr. Coleman alone and gave him the bond and mortgage for the balance of the purchase money. Indeed, I do not understand defendant's allegation to be that he believed, at the time that he made the contract of purchase or at the time he accepted the deed and gave the bond and mortgage, that Mrs. Coleman was the owner of the land. If he thought so, surely he would not have accepted a deed from the husband. What he had previously been led to believe about the matter is not material, for he was, at that time and before he had taken any steps by which he could be prejudiced, informed of the truth. He knew that plaintiff was the owner and that he had a wife, and, therefore, he knew that his wife had an inchoate right of dower in the land. There is no allegation of any misrepresentation or concealment of any fact as to the dower or as to the relation of husband and wife between Mr. and Mrs. Coleman.

"It is alleged that they promised to make him a perfect title. A promise unperformed is not, ordinarily, a ground of relief on the score of fraud or estoppel. 11 A. & E. Ency. Law (2d), 425.

"The defendant had it in his power under the terms of his contract, to enforce the performance of the promise to give him a perfect title. For, under *Payne* v. *Melton,* 69 S. C., 370, 48 S. E., 277, he could have compelled specific per-

formance, notwithstanding the refusal of Mrs. Coleman to renounce her dower, and he would have been protected against it by being allowed to withhold its value from the purchase money.

"It is not alleged that, at the time he accepted the deed and gave the bond and mortgage, he did not know that the dower had not been renounced on the deed. Without allegation to the contrary, it must be presumed that he knew it. By accepting the deed, without the dower renounced, and giving the bond and mortgage, with full knowledge of the facts, he must be presumed to have waived his rights to have the dower renounced, and to have chosen to rest upon the warranty in the deed. *Mitchell* v. *Pinckney,* 13 S. C., 203. It was admitted at the hearing by defendant's counsel that the deed contains full covenants of warranty."

In proceedings to enforce an executory contract for the sale of land, abatement may be had in the purchase price to the extent of the value of an inchoate right of dower. *Payne* v. *Melton, supra; Wannamaker* v. *Brown,* 77 S. C., 64. But where the contract is executed and the vendee has accepted a deed with general covenant of warranty the vendee can not recover damages or have abatement of the purchase price because of an outstanding encumbrance until he has extinguished it or been thereby evicted, unless by fraud. *Childs* v. *Alexander,* 22 S. C., 169; *Leslie* v. *Bowie,* 27 S. C., 193, 3 S. E., 199; *Whitworth* v. *Stuckey,* 1 Rich. Eq., 404; *Van Lew* v. *Parr,* 2 Rich. Eq., 334.

But there was no fraud or concealment in this case, since it is undisputed that the defendant had full knowledge of the outstanding encumbrance when he accepted the deed.

These views require that the exceptions be overruled and it is not necessary to notice them in detail.

The judgment of the Circuit Court is affirmed.