7028

## BROWN v. THOMPSON.

REAL PROPERTY—PURCHASE MONEY.—Where a vendee of land, by warrantee deed, in order to perfect the title acquired of his vendor, has to buy a superior title which was referred to in the sale, he is entitled to have the cost of such title credited on the purchase price.

Before PURDY, J., Spartanburg, July, 1907. Reversed.

Action by C. T. Brown against J. C. Thompson and Lucretia Thompson. From judgment for defendants, plaintiff appeals.

*Messrs. S. T. McCravy* and *Simpson & Bomar,* for appellant, cite: 1 Bay., 278; 1 Bail. L., 259; 31 Ark., 328; 12 S. C., 64; 27 S. C., 193; 8 Ency., 208, 209.

*Messrs. Carlisle & Carlisle,* contra.

September 30, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought for five hundred and fifty dollars, the balance alleged to be due on the purchase money of a tract of land. The plaintiff, C. T. Brown, on 18th December, 1894, made a deed of conveyance to the defendant, J. C. Thompson, with the usual clause of general warranty, the consideration expressed being seven hundred dollars. On the same day, Brown and Thompson made an agreement with respect to the purchase money and the occupation of the land, of which the following is a copy:

"South Carolina—Spartanburg County.

"Know all men by these presents: That we, C. T. Brown, of the first part, and J. C. Thompson, of the second part, do make and adopt the following as our contract: That is to say, I, J. C. Thompson, agree to pay C. T. Brown fifty

dollars per year for the rent of the Hammett land, bought of said Brown, till the titles are perfected. Then I am to pay the balance of seven hundred dollars not paid as heretofore as rent as aforesaid, but in no instance not more than seven hundred dollars is to be paid. And it is the true intent and meaning of the parties to this contract, that fifty dollars a year is to be paid till the land titles are perfected. Then the balance is to be paid in two years from that date, with interest from perfection of the title.

"Witness our hands and seals, this December 18, 1894."

The defect in the title, apprehended by the parties, arose out of a claim that the land should be subjected to a judgment in favor of the executors of C. B. Hammett against Agnes R. Brown, the mother of C. T. Brown, from whom he had derived title. The deed of Agnes R. Brown to C. T. Brown was dated 29th July, 1893, and the Hammett judgment was not entered until 27th October, 1894; but the purchase money of seven hundred dollars was not to be paid until the titles were perfected, and Mrs. Brown having died, none of it has ever been paid. The land was sold by the sheriff under the Hammett judgment, and bid off by Stanyarne Wilson, Esq., for one hundred dollars. Mr. Wilson, without taking title, assigned his bid to the defendant, J. C. Thompson, for the consideration of four hundred and twenty-three dollars, and the sheriff made title direct to Thompson.

In explanation of his failure to bid on the land, Brown offered evidence tending to prove that he had a verbal agreement with Thompson, that the latter should bid to the amount of seven hundred dollars in the interest of both. The defendant, J. C. Thompson, denied that he had made such agreement or that Mr. Wilson had bid off the land for him. As we view the case, however, these issues of fact are not vital.

The master reported that the plaintiff did not have a valid title when he conveyed to J. C. Thompson, because the land was subject to the Hammett debt, that Thompson subse-

quently acquired a good title from the sheriff by virtue of the sale under the Hammett judgment, and concluded from these facts that Thompson owed the plaintiff nothing on his contract for the purchase money. In these findings the Circuit Judge concurred and dismissed the complaint.

We agree that for the purposes. of this case, the Hammett debt must be considered to have been a lien or charge on the land in the hands of Mrs. Agnes R. Brown and C. T. Brown, to whom she conveyed, and the defendant, Thompson, to whom C. T. Brown conveyed. Had the deed expressed the whole contract, Thompson could not have set up the incumbrance as a breach of the warranty, unless he had been evicted under it or had actually extinguished it in whole or in part to protect his title and possession. *Whitworth* v. *Stuckey,* 1 Rich. Eq., 407; *Evans* v. *McLucas,* 12 S. C., 64; *Childs* v. *Alexander,* 22 S. C., 185; *Lessly* v. *Bowie,* 27 S. C., 193, 3 S. E., 199; *Moss* v. *Jeffries,* 32 S. C., 195, 10 S. E., 939; *Nathans* v. *Steinmeyer,* 57 S. C., 393, 35 S. E., 753; *The Computing Scales Co.* v. *Long,* 66 S. C., 382, 44 S. E., 963, 65 L. R. A., 294.

Thompson did not adopt the course of extinguishing the incumbrance and thus perfecting his title by direct payment of the judgment, but chose the plan of taking an assignment of the bid of the purchaser at the sheriff's sale, and by this means acquiring title from the sheriff. Many authorities will be found, holding that where the title of the grantor fails completely and the grantee has to purchase the outstanding valid title to protect himself, this is a constructive eviction. Under the general principle, above stated, as established in this State by the authorities cited, we think there would in such case be a breach to the extent of the consideration necessarily paid for the acquisition of the outstanding title, and the grantee could recover the amount so paid, in an action against his grantor, or have it credited on the unpaid portion of the purchase money. But the general rule is that the grantee, who has acquired the better title, cannot repudiate the invalid title under which he en-

tered and recover the entire purchase money; certainly, he cannot do so where the grantor sold in good faith with no knowledge of a defect, or where both parties in executing the deed or contract of sale took into consideration or had in view the superior title. The Supreme Court of the United States adopts this language in stating the rule: "That if a vendee buys up a better title than that of a vendor, and the vendor was guilty of no fraud, he can only be compelled to refund to the vendee the amount of money paid for the better title." *Galloway* v. *Finley,* 12 Peters, 262, 9 L. Ed., 1079. This was laid down as the principle to be followed in the courts of law as well as equity in *Ward* v. *Revil,* 3 Rich., 427, which was cited and applied in *Parker* v. *Walker,* 12 Rich., 138, although in the latter case the vendor had fraudulently embraced land in his deed for which he had no title. The principle is discussed and applied also in *Frink* v. *Thomas* (Ore.), 12 L. R. A., and *Holloway* v. *Miller* (Miss.), 36 So., 531.

It follows that the plaintiff has the right to the purchase money of seven hundred dollars, with interest from the date of the perfecting of the title by the sheriff's deed, less fifty dollars paid by defendant to him, under the contract, and four hundred and twenty-three dollars paid by defendant for Mr. Wilson's bid at the sheriff's sale.

The judgment of this Court is that the judgment of the Circuit Court be reversed.