8314

PEE DEE NAVAL STORES CO. v. HAMER.

REAL PROPERTY—BREACH OF WARRANTY—EVICTION—VERDICT.—The purchaser of land under a warranty deed may pay a judgment lien on the land, where there is such action on the part of the holder of the judgment as to make it necessary for him to remove the lien to prevent eviction, and recover the amount of the grantor under the warranty in the deed. Where the proof establishes such facts, without contradiction, the Court should direct a verdict for the full amount paid.

Before DEVORE, J., Dillon, October term, 1910. Reversed.

Action by Pee Dee Naval Stores Company against Robert P. Hamer, Jr., D. A. McCallum and Janie B. Hamer. Plaintiff appeals.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* for appellants, cite: *Tax officers in levy and sale are presumed to act lawfully:* 22 S. C. 43; 59 S. C. 498; Speer. 80; 14 S. C. 454; 52 S. C. 516. *Courts will take judicial notice that United States purchased Florida from Spain:* 81 S. C. 30. *Jurisdiction of Courts presumed:* 52 S. C. 516. *Lien is an incumbrance:* 21 S. C. 210; 46 S. C. 256. *Ouster:* 29 S. C. 1540; 6 W. & P. 5114-5; 27 S. C. 198; 79 S. C. 216; 81 S. C. 380; 5 Am. Dec. 281; 3 Id. 246. *Common law pre-*

*sumed to prevail in Florida:* 81 S. C. 24. *Amount of recovery:* 60 S. C. 526; 43 S. C. 29.

*Messrs. Gibson & Muller,* contra, cite : *Incumbrance, without eviction, does not warrant recovery:* 1 Rich. Eq. 407; 12 S. C. 64; 22 S. C. 185; 32 S. C. 195; 81 S. C. 380.

September 17, 1912.    The opinion of the Court was delivered by

Mr. Justice Watts.    This action was commenced in the Court of Common Pleas and the object was to recover $1,731.85 on account of certain alleged breach of warranty contained in a deed made by defendants to plaintiff on December 24, 1902.

The record shows that prior to December, 1900, the defendants were the owners of a large number of acres of timber lands in the State of Florida, approximating fifty thousand acres. The plaintiff company was organized as a corporation under the laws of the State of South Carolina. Upon the formation of the corporation, the lands held by the defendants-respondents were purchased by it and a warranty deed of conveyance taken by it from the defendants-respondents. The consideration was $23,000. The company, as organized, held the premises from December, 1900, until the fall of 1902, when J. W. Moore became the sole owner of the plaintiff corporation, he having purchased all of the stock of the stockholders therein. It appears at the time he purchased the stock, or a short time thereafter, he gave an option on the property and in about two months sold it to the Naval Stores Manufacturing Company, of which W. B. Myers was president. It appears from Moore's testimony, when he investigated the title with a view of selling it, that it was then discovered that there was an outstanding judgment against the property for the sum of $1,165.51, with interest from May 11, 1891, in favor of James E. Johnson, and that the judgment was a lien on the property. The

evidence shows that he took up and discussed the matter with R. P. Hamer and Hamer authorized him to make the best settlement of the matter he could. That in pursuance of this agreement and understanding with Hamer, he went to Florida and on the 25th day of November, 1902, entered into an agreement with Myers, president of the Naval Stores Manufacturing Company, by which Myers was to retain out of the purchase price which was to be paid for the property the sum of $1,320 in settlement of all defects in question to the title to the property sold.

Plaintiff then brought suit for this amount, alleging breach of warranty in the deed to it and the cause was heard by his Honor, Judge DeVore, and a jury, at the October term of Court, 1910.

At the close of the testimony, plaintiff moved the Court to direct a verdict in its favor for full amount claimed, on the ground that the plaintiff had shown that at the time of its purchase of the lands there was an outstanding judgment which was a lien on the land in favor of James E. Johnson, and that it had to remove this incumbrance by paying $1,320. The Court refused to direct a verdict and the jury found in favor of the plaintiff a verdict for $660. Plaintiff appealed, and the only question raised is whether the Circuit Court committed error in refusing to direct a verdict for plaintiff as moved for.

We think the appeal should be sustained. There was no testimony in this a contract case to permit the jury to capriciously cut down the verdict to half of the amount actually proved. There was but one inference that could be drawn from the whole evidence in the case and that was if plaintiff was entitled to recover at all, it was entitled to recover the full amount it had paid out to clear its title to the land it had purchased from the defendants-respondents, under a warranty deed.

The Court should not permit a verdict to stand where the jury found a verdict capriciously, or a verdict that the testi-

mony does not warrant, or one contrary to the law as laid down by the Judge. The undisputed testimony in the case establishes the warranty of the title by the defendants, the breach of the warranty and the damage to the plaintiff in the amount mentioned and asked for, and his Honor should have directed a verdict asked for. The defendants made no attempt to show a paramount title in themselves as against the one held by Drew against whom the Johnson judgment was obtained, but on the contrary, the evidence conclusively shows that at the time this judgment was rendered Drew had a perfect title and no evidence is offered or attempt made by the defendants-respondents to avoid liability by establishing the invalidity of the judgment recovered by Johnson. The evidence in the case unexplained and uncontradicted shows that the Johnson judgment was an incumbrance on the land at the time of sale by respondents to the appellant.

It has been held in *Kerngood* v. *Davis,* 21 S. C. 210, that an outstanding judgment constituting a lien upon the premises is an incumbrance, and the covenantee can recover from his covenantor the amount of damages caused thereby.

By the common law, if there is an outstanding title against his property the grantee need not wait to be actually evicted, but he may pay off the incumbrance and then sue on his warranty. *Lessly* v. *Bowie,* 27 S. C. 198, 3 S. E. 199; *Coleman* v. *Whittle,* 79 S. C. 216, 60 S. E. 523; *Brown* v. *Thompson,* 81 S. C. 380, 62 S. E. 440.

There is no presumption that the common law does not prevail in Florida. *Crosby* v. *Ry. Co.,* 81 S. C. 24, 30; 61 S. E. 1064.

The evidence shows that there was an incumbrance on the property and if plaintiff was not actually evicted there was such action on the part of the party holding said judgment as to make it necessary for the plaintiff to remove the same in order to prevent an eviction and this gave the plaintiff the right to claim a breach of warranty and bring its suit.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded to the Circuit Court with instructions to the clerk of the Court of Dillon county to enter up judgment for the plaintiff in the sum of $1,320, with interest on that amount from November 25, 1902.

MR. JUSTICE WOODS *disqualified.*