8941

SOUTHERN COTTON OIL CO. v. BATESBURG COTON OIL CO.

(82 S. E. 985.)

New Trial. Verdict Responsive to Charge.

Trial—Province of Jury—Disregard of Instructions.—In an action upon an award in arbitration in controversy as to the quality of cotton oil sold to plaintiff, where the Court charged that defendant could avoid the award by showing a gross mistake of law, that it was not made according to the rules of the exchange under which the

parties had contracted to act, or that there was fraud, and there was evidence that the samples of the cotton oil examined were taken as required by the rules, and it appeared that there was no violation of the rules on the part of the arbitrators, a verdict for plaintiff is not in violation of the instructions, though samples of the oil offered by defendant were not considered.

Before SPAIN, J., Lexington, February, 1914.    Affirmed.

Action by Southern Cotton Oil Company against Batesburg Cotton Oil Company.    From judgment for plaintiff, defendant appeals.

*Messrs. C. M. Efird* and *Geo. Bell Timmerman,* for appellant.

*Messrs. J. Brooks Wingard* and *W. H. Townsend,* for respondent.

September 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a judgment against defendant in action upon an award by the committee on cotton seed products of the New York Exchange.    The case was tried before his Honor, Judge Spain, and a jury, at the February term of Court, 1914, for Lexington county, and resulted in a verdict in favor of the plaintiff for $980.80.    A motion for new trial after verdict was made by the defendant, and refused.    After entry of judgment, defendant appeals by the following exception:

"The defendant alleges that his Honor, the Circuit Judge, erred in not granting a new trial on the ground that the jury disregarded the instructions of the Court, in that he instructed them that if they found from the evidence that the award or arbitration in New York was not conducted according to the rules of the New York Produce Exchange, they should find for the defendant, the uncontradicted evi-

dence being that the chemist in New York invited the Batesburg Cotton Oil Company to send on their samples, which they did, and the chemist declined to consider them, and under the construction placed by the Judge on section 1 of rule 40 of the New York Produce Exchange, it was the duty of the chemist, or exchange, to consider, in making their award, the samples taken from the car by the seller at the time it was loaded."

It will be observed that the motion for a new trial was made upon the ground that the jury disregarded the instructions of the Court, and this motion was refused, and the exception alleges error. It is the duty of the jury to take the law from the Court, and when they disregarded the instructions of the Court, the verdict should not be allowed to stand. *Pee Dee Naval Store Co.* v. *Hamer,* 92 S. C. 423, 75 S. E. 695.

We find in examining the charge of his Honor that he fully explained to them what the rules 40 and 41, introduced in evidence, required; and he submitted to the jury the question whether or not the samples submitted by the defendants were drawn according to the rules, or whether or not, under the facts and evidence adduced in the case, the requirement of the rules had been waived. He was not asked to grant a *nonsuit* or direct a verdict for the defendant on the ground that there was no evidence whereby plaintiff could recover a verdict, but that the evidence on these points would preclude a recovery by plaintiff.

There was no motion for *nonsuit* or direction of a verdict on the ground that there was not sufficient evidence on the part of plaintiff to recover. The Court instructed the jury that the defendant could avoid the award by showing that a gross or palpable mistake of law or fact appearing on the face of the award, or that the award was not made according to the rules of the exchange under which the parties had contracted to act. There was plenty of evidence that the samples taken were either drawn as the rules required or

that the provisions of the rules in relation thereto had been waived; and his Honor submitted to the jury if there was any fraud on the part of the arbitrators the plaintiff could not recover, but if there was no fraud and that the award was fair, honest, and defendant not overreached, then plaintiff could recover  The evidence does not show a violation on the part of the arbitrators of the rules as would prevent an enforcement of the award.  The jury did not disregard the instructions of the Court, but their verdict is responsive to the charge of the Judge and sustained by the evidence.  The exception is overruled.

Judgment affirmed.