3141

DUNCAN v. McDOUGAL.

(85 S. E. 906.)

RECOVERY OF REAL PROPERTY. TRIAL. CONDUCT OF COURT AND COUNSEL.
DIRECTED VERDICT.

1. RECOVERY OF REAL PROPERTY—DIRECTED VERDICT.—Where in an action
for trespass on lands, the plaintiff proved by uncontradicted evi-
dence, an uninterrupted possession under color of title by his testa-
tor for more than twenty years, and devise to him, and there was no
testimony tending to sustain the defense of adverse possession inter-
posed by defendant, the Court *erred* in refusing to direct a verdict
in favor of the plaintiff for recovery of the land in dispute.

2. TRIAL—CONDUCT OF COURT AND COUNSEL—PRIVATE CONFERENCE.—
Where the Court, at the close of plaintiff's evidence, the defendant
announcing that he would go to the jury on the plaintiff's testimony,
retired to the Judge's room with a stenographer to read over the
evidence to him, while considering plaintiff's motion for directed ver-
dict, and thereafter called defendant's attorney into the room, stating
that it appeared to him, after refreshing his memory on the evidence
that probably he should direct a verdict for plaintiff, whereupon
counsel for the defendant asked that he be allowed to make a motion
to put in evidence for the defendant, which was done upon the
Court's return to the bench, such private conference between the
Court and counsel for the defendant, while a practice not to be fol-
lowed, did not entitle plaintiff to a directed verdict at the close of
the case.

Before HON. C. J. RAMAGE, special Judge, Monck's
Corner, November, 1913. Reversed.

Action by John Duncan against John M. McDougal.
From judgment for defendant, plaintiff appeals. The facts
are stated in the opinion.

*Messrs. Smythe & Visanska* and *Octavus Cohen,* for
appellant: *Conversation of Court with counsel on one side
only improper:* 96 S. C. 285. *Facts showed presumption
of grant to plaintiff's testator:* 3 Strob. L. 501; 40 S. C.
168; 2 Mills Const. 425; 2 Strob. L. 141; 11 Rich. 429;
14 S. C. 552; 2 Rich. 19; 2 Strob. L. 6; 62 S. C. 194; 71
S. C. 426, 427; 72 S. C. 312, 320; 78 S. C. 155. *No proof*

*of adverse possession:* Code Civ. Proc. 1912, 126, 130. *Devise undisputed and established:* Civil Code 3579; 9 Rich. L. 131; 3 Rich. L. 629; 4 McC. 233; 1 Nott. & McC. 328; *Id.* 329; Harper's L. 32; 131 U. S. 314.

*Messrs. E. J. Dennis* and *W. A. Holman,* for respondent.

July 24, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to recover damages for trespasses upon land, of which the plaintiff alleges he was seized and possessed, containing two hundred and eighty-eight acres, which was purchased in 1867 by David McDougal, who died in 1900, leaving a last will and testament which was duly probated, whereby he devised the said tract of land to John Duncan, the original plaintiff in this action.

The complaint contains the following allegations:

"That previous to the death of the said David McDougal, and at the time of his death, the said David McDougal was living on, and occupying, the said property, and that the defendant, John M. McDougal, his son, was living with him in the house on the said property as a member of his family.

That after the death of the said David McDougal, the plaintiff entered into possession of the said property, and still continues in such possession, planting a portion of the same. That plaintiff is a brother-in-law of the defendant, having married his sister, and out of kindness to the said defendant, permitted him to occupy the house on the said property, and to cultivate a small portion of the land.

That this permissive occupation by the defendant of part of the said land continued until about the year 1910, at which time plaintiff learned that defendant had been trespassing on said property, cutting down timber, making it into crossties, converting it to his own use, and selling the

same without the permission of the plaintiff, and without accounting to him for the value thereof."

The prayer of the complaint is as follows:

"That the defendant do account for the number of trees cut and converted by him to his own use from said property, as aforesaid, and the value thereof, and that upon such accounting being had, plaintiff have judgment against defendant for the value of said timber so cut and removed from said property.

2. That the defendant be enjoined from further trespassing on the said property or from continuing in occupation of any part of it." * * *

The defendant, in his answer, denies certain allegations of the complaint, and says that he admits that he has occupied the premises in question for a number of years past, and is now in possession of same, doing as he has done all during his occupation of same, exercising all rights of ownership over the property, and denies that his said occupation was permissive.

He then interposes the following as a defense:

"That he, together with the other heirs of the late David McDougal, are the owners in fee of the property in dispute; that he has been in the adverse possession of the said premises for more than ten (10) years, claiming the same as the property of the heirs of the said David McDougal, exercising all rights of ownership over the same for said ten years or more, paying the taxes in the name of the estate of David McDougal, cultivating and otherwise using the same as the property of John M. McDougal, and generally as the property of the heirs of the late David McDougal."

The jury rendered the following verdict: "We find a verdict for the defendant, John M. McDougal, and the heirs," and the plaintiff appealed.

The first question that will be considered is, whether there was error on the part of his Honor, the presiding

Judge, in refusing to direct a verdict in favor of the plaintiff at the close of the testimony.

The record contains the following statement:

"At the conclusion of plaintiff's testimony the defendant announced that he would offer no evidence, but would go to the jury on the testimony as offered by the plaintiff; that the plaintiff then made a motion to direct a verdict upon the grounds set out in the record, and argued said motion; his Honor, the presiding Judge, announced that he would take the matter of direction of verdict under advisement during the presentation of the case by the plaintiff's attorney, Mr. A. T. Smythe, Jr. The presiding Judge, during the argument, retired to the Judge's room and called the stenographer with him; the stenographer read over the testimony to the Judge; Mr. Holman was asked into the room and the Judge stated that it appeared to him, after refreshing his memory on the evidence, that probably he should direct a verdict, whereupon Mr. Holman asked that he be allowed to make a motion, to put in evidence for the defendant; the Judge returned to the bench and Mr. Holman made a motion in open Court, to be allowed to introduce testimony, whereupon Mr. Smythe objected to the granting of this motion; the Judge ruled that in his discretion he had a right to open the case and allow the testimony to be submitted, and did so, after hearing argument on the matter; the defendant then offered testimony as set out in the brief; plaintiff offered testimony in reply, and thereafter the case was fully argued and discussed before the jury, and the Judge, at the conclusion of argument on both sides, delivered his charge, and the jury found a verdict for the defendant."

We proceed to the consideration of the question, whether there was error on the part of his Honor, the Circuit Judge, in refusing to direct a verdict in favor of the plaintiff by reason of the fact that the stenographer and the defendant's attorney were present in his room, by his invitation, but

without the invitation being also extended to the plaintiff's attorneys to be present during the consideration of said question.

His Honor, the Circuit Judge, who was presiding in that case by special appointment, and the defendant's attorney are well known to the Court, and it has no hesitation in stating that they are of high character, and that there was no intention on the part of his Honor, the Circuit Judge, to give the defendant's attorney any advantage whatsoever over his opponent; nor was there any intention on the part of the defendant's attorney to transcend, in any respect, the ethics of the profession when he answered the call of the Circuit Judge to come to his room.

It was a mere inadvertence on the part of his Honor, the presiding Judge, and, of course, such a practice is not to be followed.

While the plaintiff was not entitled to a directed verdict on this ground, nevertheless, after careful consideration of the exceptions, our conclusion is that the plaintiff was entitled to a directed verdict on the other facts in the case. *Pee Dee Naval Stores Co.* v. *Hamer, 92* S. C. *423, 75* S. E. *695.*

It is the judgment of this Court that the case be remanded, with instructions to the clerk of the Court of Berkeley county to enter up judgment in favor of the plaintiff for the land sued for without any damages, if plaintiff so desires, or that it be remanded to the Circuit Court with instruction that the Circuit Court direct a verdict in favor of the plaintiff, for land sued for, and that the question of damages be submitted to a jury.

Messrs. Justices Watts, Fraser and Gage concur in the opinion of the Court.

Mr. Justice Hydrick concurs in the judgment.