## McNAIR *v.* MOORE.

1. NOTES AND BILLS.—The fact that a note is dated at a particular place, does not make it payable at that place.
2. IBID.—INTEREST.—The maker of a note is not relieved of payment of interest after maturity unless his readiness and willingness to pay at maturity is coupled with an *offer* to pay at proper time and place. *Bank* v. *Zorn,* 14 S. C., 444, *distinguished from this.*
3. IBID.—The payee of a note is not required to make demand of payer before suing it after maturity.

Before Watts, J., Marlboro, October, 1898. Affirmed.

Action on note by John T. McNair against James G. Moore, executor of Henry Moore. From order sustaining demurrer to answer, defendant appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: *Holder of note can only recover principal, when maker is at place of payment on date of maturity offering to pay:* 13 Pet., 150; 11 Wheat., 175; 17 Johns, 24; 6 Whar., 330; 6 Barb., 258; 2 S. C., 253; 3 Rich., 313. *Where no place of payment is named in note, it is payable at regular place of business or home of maker:* 3 McC., 395; Harp., 530.

*Mr. R. T. Caston,* contra, cites: *Not necessary to allege that note payable at a particular place was presented and payment there demanded:* 9 Rich., 61; Harp., 525. *Dating note at particular place is no presumption that it is payable at that place:* Harp., 525. *Maker of note is liable for obligations assumed, whether demand is made or not:* 11 Wheat., 173; 14 S. C., 452; 13 Pet., 102.

June 28, 1899. The opinion of the Court was delivered by

Mr. Chief Justice McIver. The action in this case was brought to recover the balance due on a note, bearing date the 23d March, 1896, whereby the defendant promised to pay to the order of Mrs. Jennie M. Pegues, on or before the first day of January next, after said date, the sum of $1,500, with interest after maturity at the rate of eight per cent. per annum, until fully paid, and was dated at Bennettsville, S. C. The complaint was in the usual form, and alleged that the payee, before maturity, indorsed the same to plaintiff for value received; and also alleged that no part thereof had been paid except the sum of $1,500, which was paid upon the 26th day of March, 1897. Judgment was demanded for the sum of $28.58, being the interest on the principal sum named in the note from the 1st day of Janu-

ary, 1897, to the 26th day of March, 1897, with interest thereon from the last named date. The answer admits all the allegations of the complaint, except that there is any balance due, and on the contrary alleges, in the second paragraph, that the note had been paid in full. In the third paragraph of the answer the allegations are as follows: "That when the said note matured, he had the money on hand to pay the same, and was ready and waiting to pay it, and kept the money ready to pay the same on demand, but the same was not presented for payment until March 26, 1897, and he immediately paid the same in full. That the failure to present the same for payment was due to the default of the plaintiff, and for the purpose of getting the high rate of interest stipulated for; and the said failure to present, coupled with the readiness of defendant to pay the same, prevented interest from running; and when presented only the principal sum was due, and that has long since been paid, being paid promptly on demand." It is stated in the "Case" that, at the hearing before his Honor, Judge Watts, "it was admitted by defendant's attorneys that the defense of payment generally was not set up in the answer, as might be inferred from paragraph two of answer, but the defense relied upon the plea of payment as made in the third paragraph of the answer." The plaintiff demurred to the answer upon the ground that it did not state facts sufficient to constitute a defense, in the particulars stated in writing, in accordance with the rule of Court, which need not be set out here. The Circuit Judge sustained the demurrer and rendered judgment for the plaintiff for the balance claimed to be due in the complaint. From this judgment defendant has appealed upon the several grounds set out in the record, which need not be stated here, as the sole question which we are called upon to determine, under the admission of counsel, stated in the record as copied above, is, whether the facts stated in the third paragraph of the answer, set out above, are sufficient to constitute a defense. Or, to state the question more precisely, is the fact that the

maker of this note had the money on hand to pay the same, when the note matured, "and was ready and waiting to pay it, and kept the money ready to pay the same on demand," and did pay the principal sum as soon as it was demanded—nearly three months after maturity—sufficient to relieve the defendant from the obligation to pay interest from maturity to the date of such payment? It will be observed that in the note which constitutes the basis of this action, no place of payment is specified, for the fact that the note was dated at Bennettsville, S. C., is not sufficient to make it payable at that place, as held in *Miller* v. *Thompson,* 1 Rice Dig., 129, and *Galpin* v. *Hard,* 3 McC., at page 400. But even when the place of payment is specified in the note, it is not necessary to either allege or prove that the note was presented and payment demanded at such place, in order to give a right of action *against the maker,* though it is otherwise when the action is brought *against the indorser;* and it seems to us that counsel for appellant, in their argument, have failed to observe this distinction; for in several of the cases which they cite, the action was against the indorser. 4 Am. & Eng. Ency. of Law, p. 373, of 2d edit., 373; *Wallace* v. *McConnell,* 13 Pet., 136; *Clarke* v. *Gordon,* 3 Rich., 311, and *McKenzie* v. *Durant,* 9 Rich., 61, where O'Neall, J., in delivering the opinion of the Court, uses this pertinent language: "The maker of the note has no right to expect a demand of payment to be made. It is his business to meet the payment, when, by the terms of it, he has promised to make it."

But counsel for appellant contends that inasmuch as there was no designation of any place of payment in the note, it became, as a matter of law, payable at defendant's place of residence, and the allegation in the answer that, when the note matured, "he had the money on hand to pay the same, and was ready and waiting to pay it, and kept the money ready to pay the same on demand," was sufficient to relieve him from the payment of interest after maturity; and he bases his contention on the case of *Wallace* v.

*McConnell, supra,* where it is said : "In actions on promissory notes against the maker * * * and the note * * * is made payable at a specified time and place, it is not necessary to aver in the declaration, or prove on the trial, that a demand of payment was made in order to maintain the action.  But if the maker * * * was at the place at the time designated, and was ready *and offered* (italics ours) to pay the money, it was matter of defense to be pleaded and proved on his part," which language is quoted with approval in *Langston v. Railroad Co.,* 2 S. C., at page 253.   But the appellant in his allegations omits the very important words, "and offered," which we have italicized in the foregoing quotation.   His allegations, therefore, do not bring his case within the principle upon which he relies; for there is no allegation that he has offered to pay the note, either to the original payee or to the plaintiff, her indorsee, or that he ever notified either of them that he was ready and willing to pay the same.   So that even conceding (for the purposes of this case only) that the principle upon which appellant relies is applicable to an action on a note in which no place of payment is designated, it still cannot avail him, for the reason that there is no allegation of any offer to pay the note at any time or place; for, as is said in 25 Am. & Eng. Enc. of Law (1st edit.), at page 916, "The mere readiness and willingness of a debtor to pay the debt when due, amounts to nothing, without an offer or tender of payment by him and a refusal by the creditor."   The case of *Bank* v. *Zorn,* 14 S. C., 444, relied upon by appellant, is very different from this case.   There the action was brought by the bank, as indorsee, upon a note made by defendant to Wroton & Dowling, his factors, *payable at their office,* on the 1st day of October, 1876.   This note was transferred before maturity to the bank by Wroton & Dowling, as collateral security for their own note to the bank, and the defendant, without notice of such transfer, left with Wroton & Dowling sufficient funds to pay the note at maturity.   Subsequently he had a settlement with Wroton & Dowling, in which he was

charged with the amount of the note, and credited with the funds deposited to meet it at maturity. Very soon after Wroton & Dowling failed, and the bank brought its action on the note against Zorn. The Circuit Judge charged the jury that if they believed the plaintiff was guilty of *laches* in not demanding payment of the note at the office of Wroton & Dowling, before their failure, and that plaintiff would have received the money if the note had been presented, and by their failure to do so the defendant lost his money, they should find for the defendant. The jury so found, and the judgment was affirmed. From this statement it is obvious that the two cases are unlike, and that there is scarcely a resemblance between them. Indeed, there is no allegation in the answer that the defendant has sustained any loss by reason of the failure of the plaintiff to demand payment of the note at maturity, which, as we have seen, he was under no obligations to do.

Looking at the case in the light of reason and common sense, it seems to us that we must reach the same conclusion as that to which we have been conducted by the authorities. The defendant is sued to enforce the obligation into which he entered when he signed the note. What was the obligation? To pay the sum of money mentioned in the note on the 1st day of January, 1897. His own allegations show that he failed to comply with that obligation, and he thereby incurred the obligation to pay interest on that sum of money at the rate of eight per cent. per annum, until the sum was fully paid; and no facts are alleged in the answer sufficient to relieve him from that obligation. As we understand it, when one person promises to pay to another a specified sum of money on a designated day, it becomes his legal duty to seek out his creditor and make the payment as promised; and it is no part of the duty of the creditor to make demand for the money due, as we have seen, before he can bring his action to enforce the performance of the defendant's contract according to its terms. It seems to us, therefore, that in no view of the case was there

any error upon the part of the Circuit Judge in sustaining the demurrer.

The judgment of this Court is, that the judgment appealed from be affirmed.