8783

NEW ENGLAND NATL. BANK v. WALLACE *ET AL.*

SAME v. SAME.

(80 S. E. 460.)

Negotiable Instruments. Innocent Holder. Direction of Verdict. Where the testimony of plaintiff that it is a holder for value in due course of business before maturity of a negotiable instrument, without notice of any fraud or infirmity affecting it, is undisputed, and only one inference can be drawn therefrom; verdict was properly directed in its favor.

Before DeVore, J., Charleston, April, 1913. Affirmed.

Actions by the New England National Bank against J. V. Wallace and others, on two negotiable notes, tried together.

On the close of the defendants' testimony, the plaintiff moved for a direction of a verdict on the following grounds:

Plaintiff moved for the direction of a verdict in both of these cases against all of the defendants, except the defendant Nolte, on the ground that the testimony shows that the plaintiff is a *bona fide* holder for value without notice of any defect, without notice of any fraud in the contract, without notice of any so-called guarantee, and that the defendants have failed to introduce any testimony whatever tending to show that the plaintiff had notice. The Court, in directing verdict for plaintiff, said:

"The undisputed evidence is that the notes sued upon here are negotiable notes, there is not the slightest doubt about that; that these notes were found in the possession of the plaintiff and sued on by the plaintiff as their property; the endorsement on the back of these notes show that McLaughlin Bros. transferred them to the plaintiff in due course of business; all of that testimony is in writing. The plaintiff in this case went further than the law requires him to go in proving his case. It has been the law, according to my understanding, ever since anything has ever been said about negotiable paper, that the possession to the paper and the title to the paper were inseparable, those things go together, and if the plaintiff had put these two notes in that would have been sufficient to have made out a *prima facie* case; the plaintiff could have done that and said, 'I rest,' but the plaintiff went further than the law required him to go, he went on to prove how he came in possession of these notes, and that testimony is absolutely undisputed. These notes were bought at the time and in connection with a number of other notes, all of which cost $50,000, that is undisputed.

"Now the Supreme Court laid down this proposition of law: 'No point was made either here or on circuit as to where lies the burden of proof in a case like this, where

it is shown by defendant that the note had its inception in fraud. The defendant seems to have voluntarily assumed the burden of proof, while the authorities elsewhere are not entirely in accord. Our own cases, and the greater weight of authority in other jurisdictions, agree that when the defendant shows fraud or irregularity in the inception of paper or where it is lost or stolen from the owner, the presumption which is raised by its mere possession is overcome and the burden then shifts to the holder to show that he acquired it in good faith for value before maturity, in the usual course of business and under circumstances creating no presumption that he knew of the fraud or other defect in title.' *Bank* v. *Stackhouse,* 91 S. C. 455, 74 S. E. 977, 40 L. R. A. (N. S.) 454

"That proposition of law would have been applicable in this case if the plaintiff, as I have stated, had simply introduced these notes and had done nothing else, showing that he was in possession by the mere possession, but he goes further than that, he showed how he came in possession of them. He says: 'I bought these notes in connection with a number of other notes, all of which cost me $50,000;' that testimony is undisputed, not a scintilla of testimony here disputing that testimony on the part of the plaintiff. Again, if there had been fraud in the inception of this note, upon whom was the fraud perpetrated? Upon the people who signed that agreement to become stockholder, and it was not perpetrated on them by the bank; on the other hand, here is a negotiable paper put in circulation, a passenger going through the commercial world without any baggage, no notice to anybody that there was anything wrong about it. There is not a scintilla of testimony here to show that the plaintiff bank in this case had any notice of what had taken place between these parties, the defendants and McLaughlin Bros., and according to my judgment, under this undisputed evidence, the defendants in this case have failed to make out their defense, and the

bank is entitled to have me direct the jury to bring in a verdict for the plaintiff on the whole case."

From the judgments entered upon the verdicts directed, the defendants appeal.

*Messrs. Von Kolnitz & Von Kolnitz,* for appellant, cite: *Issue of good faith should have been submitted to the jury:* 77 S. E. 977; 29 L. R. A. (N. S.) 638; 151 Mo. 86; 131 S. W. 728. *Was note negotiable?* 12 Rich. L. 446. *Discounting:* 112 N. W. 1000; 12 Pick. 399; 45 Mo. 104; 19 How. Pr. 51; N. Y. Supp. 328; 2 McC. 388.

*Messrs. Smythe & Visanska,* for respondent, cite: 91 S. C. 455, 462. *Negotiability:* 2 S. C. 248; 72 S. C. 362. *Purchase for value:* 1 Pac. 789; 19 S. E. 561; 92 N. W. 348; 106 N. W. 942; 142 N. W. 139; 129 Pac. 798; 47 N. E. 196; 26 S. W. 975; 91 S. C. 305; 78 S. C. 408, 412, 413; 24 Atl. 356.

April 6, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

When the case of *Bank* v. *Stackhouse,* 91 S. C. 455, 74 S. E. 977, 40 L. R. A. (N. S.) 454, was decided by this Court, it did not seem to the writer of this opinion that the plaintiff therein, was *prima facie* a *bona fide* holder of the note upon which the action was brought.

The principles then announced are practically the same as those involved in the present case. He, therefore, feels constrained to follow that case as an authority as long as it remains of force.

Judgment affirmed.