8892

COMMERCE TRUST CO. v. GRIMES *ET AL.*

(82 S. E. 420.)

NEGOTIABLE INSTRUMENTS. INNOCENT HOLDER. DIRECTION OF VERDICT.

The undisputed testimony showing that plaintiff is a *bona fide* holder
and assignee for value before maturity of negotiable notes, and
there being no evidence to show that he had notice of any want of
consideration, a verdict should have been directed in his favor in
action on such notes.

Before BOWMAN, J., Walterboro, November, 1913. Re-
versed.

Action by Commerce Trust Company against M. L. Grimes, W. F. Carr, B. L. Cox, W. H. Cox, J. P. Gay, H. H. Butler and Thomas Southwell. From judgment for defendants, plaintiff appeals.

The facts are stated in the opinion.

*Messrs. Smythe & Visanska,* for appellant, cite: *Case governed by 91 S. C. 455, 80 S. E. 460. The circumstance that one of the McLaughlin Bros. was a stockholder in plaintiff company is immaterial:* 26 S. W. 975, 977; 10 Cyc. 1061; 74 S. C. 368, 374. *As to bona fides:* See 1 Pac. 789; 19 S. E. 561; 92 N. W. 348; 106 N. W. 942; 142 N. W. 139; 129 Pac. 798; 47 N. E. 196; 26 S. W. 975; 24 Atl. 356.

*Messrs. Howell & Gruber* and *Peurifoy Bros.,* for respondents, cite: *As to burden of proof:* 91 S. C. 455. *As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry:* 44 L. R. A. (N. S.) 395, 399, and *note.*

July 17, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is another action on a note given by persons in this State to McLaughlin Bros.

The undisputed evidence showed that the respondents executed negotiable notes to McLaughlin Bros. That the notes were assigned for value before maturity to the appellant and there is no evidence to show that the assignee had notice of any want of consideration.

This case is governed by the case of *The Bank* v. *Wallace,* 97 S. C. 52, 80 S. E. 460; and *The Bank* v. *Stackhouse,* 91 S. C. 455, 74 S. E. 977, 40 L. R. A. (N. S.) 454.

In the former case the Chief Justice, in delivering the opinion of this Court, said:

"When the case of *Bank* v. *Stackhouse*, 91 S. C. 455, 74 S. E. 977, 40 L. R. A. (N. S.) 454, was decided by this Court, it did not seem to the writer of this opinion that the plaintiff therein, was *prima facie* a *bona fide* holder of the note upon which the action was brought.

The principles then announced are practically the same as those involved in the present case. He, therefore, feels constrained to follow that case as an authority as long as it remains of force."

This Court is bound by those two opinions to reverse the judgment in this case. A verdict for the plaintiff in this case should have been directed. No other questions arise.

The judgment appealed from is reversed.