## 9012

### EDENS v. GIBSON *ET AL.*

#### (84 S. E. 1005.)

Bills and Notes. Innocent Holder for Value Before Maturity. Evidence. Direction of Verdict.

1. Bills and Notes—Innocent Purchaser—Evidence.—Letters written by the payee to the maker of a negotiable promissory note before its transfer are not admissible in evidence, to affect the rights of an innocent purchaser for value, who thereafter purchases it, before maturity.

2. Bills and Notes—Innocent Holder for Value.—Evidence tending to show that the payee of a negotiable promissory note acted in bad faith, is not admissible in an action by an indorsee and holder for value before maturity, where there is no evidence to show that the indorsee acted in bad faith, or had notice of any defect affecting the paper or facts to put a prudent man upon inquiry, before his purchase.

3. Evidence — Documentary Evidence — Entries in Books. — In an action on a note by an indorsee thereof, defendant on the ground of

failure of consideration and on the ground that plaintiff was not an innocent purchaser of the note for value before maturity, a ledger sheet, showing the account between plaintiff and the payee and an entry on the stub of the payee's checkbook, stating that the note was placed with plaintiff for collection, were properly excluded.

4. BILLS AND NOTES—ACTIONS—DIRECTION OF VERDICT—FAILURE OF PROOF.—In an action on a note by an indorsee thereof, in which defendants alleged a failure of consideration and that plaintiff took the note after maturity with knowledge thereof, where there was no evidence to make out the attempted defense, a verdict for plaintiff was properly directed.

Before MOORE, J., Orangeburg, Spring term, 1914. Affirmed.

Action by H. T. Edens against J. L. Gibson and E. M. Robinson. From judgment for plaintiff, the defendants appeal upon the following exceptions:

1. Because his Honor, the presiding Judge, erred in ruling out the entry made on the stub of the check book of the Carolina Machinery and Manufacturing Company:

"Note, Gibson & Robinson, Retd. & placed with H. T. Edens for collection, chge. H. T. Edens $129.09."

Made on the 13th day of November, 1912, the day and time the said note was transferred to the said H. T. Edens, as the said entry was evidence tending to show the purpose for which the transfer of the said note was made to the said H. T. Edens.

2. Because his Honor erred in holding that the memorandum or entry in the book of check stubs made by the transferor, while not in the immediate presence of plaintiff, but made substantially at the time of the transaction, constituted no evidence of the terms of contract under which the plaintiff acquired and held the said note.

3. Because his Honor erred in holding that the memorandum or entry on the books of check stubs was not a part of the *res gestae* and constituted no evidence of the character of plaintiff's possession of the note.

4. Because his Honor erred in ruling out the letter of J. L. Gibson and E. M. Robinson to the Carolina Machinery and Manufacturing Company, dated the 13th day of July, 1912. It is respectfully submitted that the said letter was competent evidence to show bad faith on the part of the transferor of the said note.

5. Because his Honor erred in ruling out the letter of H. T. Edens to E. M. Robinson and J. L. Gibson, dated November 13, 1912, and offered in evidence by the defendants, as the said letter was competent as tending to show that the said note was not transferred to the plaintiff in good faith.

6. Because his Honor erred in ruling out the letter of the Carolina Machinery and Manufacturing Company to the defendants, bearing date November 8, 1912, as the said letter was competent to show the purpose for which the plaintiff held the said note.

7. Because his Honor erred in ruling and holding that the defendants could not introduce any evidence as to the consideration of the said note.

8. Because his Honor erred in holding that there was no evidence tending to show that the plaintiff had not acquired the note in the usual course of business and in directing a verdict in favor of the plaintiff.

9. Because his Honor erred in holding that the letter, dated November 13, 1912, written by plaintiff to defendant, when considered in the light of plaintiff's testimony, constituted no evidence of bad faith on the part of the plaintiff, or of guilty knowledge on his part.

10. Because his Honor erred in holding that there was nothing, either in the facts and circumstances, appearing in evidence, or any direct evidence tending to impeach the witness (plaintiff) and in not submitting the issue to the jury.

11. Because his Honor erred in holding that there was nothing in the evidence from which a reasonable inference

of bad faith on the part of plaintiff in the purchase of the note could have been drawn.

12. Because his Honor erred in directing a verdict in favor of plaintiff for the reason that the evidence shows facts, when considered collectively or singly, which impute bad faith on the part of the plaintiff.

14. Because his Honor erred in holding that the evidence admitted and the evidence offered, was susceptible of only one legal inference, to wit, that the plaintiff was the *bona fide* purchaser for value of the note in the usual course of business and without knowledge of any defect in title in his transferor.

*Messrs. Raysor & Summers, E. B. Friday* and *A. J. Hydrick,* for appellants, submit: *Evidence as to payee's bad faith admissible:* 36 Mich. 371; 100 Iowa 481; 49 N. W. 539; 97 N. Y. Supp. 360; 49 Misc. Rep. 257; 15 S. D. 444; 90 N. W. 856; 16 S. D. 360; 92 N. W. 1066; 91 S. C.. 455; 74 S. E. 977; 75 S. C. 127; 91 S. C. 305; 74 S. E. 648. *Questions for jury:* 163 N. C. 199; 79 S. E. 498; 135 Pac. 373; 160 S. W. 126; 142 N. Y. Supp. 380; 54 N. Y. Supp. 685; 34 S. E. 695; 56 S. C. 409; 196 Fed. 640; 116 C. C. A. 314; 196 Fed. 773; 132 N. W. 168.

*Mr. Adam H. Moss,* for respondent, cites: 91 S. C. 455; 97 S. C. 52, and 98 S. C. 220.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action on a note brought by the plaintiff against the defendants. The complaint alleges that the defendants made and delivered their promissory note, dated June 26, 1912, to the Carolina Machinery and Manufacturing Company, payable November 15th after date for $129.09, with interest after maturity at the rate of 8 per

cent. per annum until paid, together with the costs of collection and attorney's fees; and that before maturity, for a valuable consideration, the Carolina Machinery and Manufacturing Company sold and delivered the said note to the plaintiff and that he is the lawful owner. and holder thereof, and that the full amount is due thereon with interest, etc., .as provided in said note.. The defendants by their answer deny the allegations of the complaint and set up a failure of consideration of the note, alleging the facts in detail, and allege when plaintiff purchased the note and when it was transferred to him he had knowledge of these facts, and that the note was transferred to him after maturity of the note, and that he was not an innocent purchaser of the same for value before maturity. The case came on for trial before Judge Moore and a jury, and at the conclusion of the testimony his Honor held there was no testimony to go to the jury and he directed a verdict for the plaintiff. After judgment was entered the defendants appealed, and by fourteen exceptions allege error on the part of his Honor. At the hearing of the case in this Court the fifth exception was withdrawn and abandoned.

Exceptions 1, 2, 3, 4 and 6 complain of error in excluding certain letters of the Carolina Machinery and Manufacturing Company of date of July 3, 1912, and November 8, 1912, and letter of plaintiff to defendants, dated November 13, 1912, and ledger sheet showing account of plaintiff with the Carolina Machinery and Manufacturing Company, and stub of check book of the Carolina Machinery and Manufacturing Company, dated November 13, 1912. Plaintiff testified that he bought the note a few days before maturity without any notice of any defect for value, and Moise, the secretary and treasurer of the Carolina Machinery and Manufacturing Company, corroborated him; it does not make any difference if the Carolina Machinery and Manufacturing Company did write letters to the defendants before they

sold the note; this would not be competent to affect plaintiff's rights who purchased after that time, unless it was brought home to him that he had knowledge of the contents of the letters and nothing of that sort is developed in the testimony, and his Honor was clearly right in excluding these letters.

In excluding the ledger sheet and stub of check book his Honor was following the law as laid down by this Court in *Wells* v. *Hays,* 93 S. C. 170, 76 S. E. 195, 42 L. R. A. (N. S.) 727, and cases therein cited by Mr. Justice Hydrick, who wrote the opinion of the Court. It does not matter if the party who transferred the note acted in bad faith, if the party who purchased it acted in good faith and was an innocent purchaser for value before maturity, then he would be entitled to recover. There is nothing in the evidence to show that the plaintiff had notice of any defect before purchase by him. There was no proof of bad faith on the part of the plaintiff, who was the holder of the note, or proof of such facts that would put a prudent man on inquiry.

The other exceptions complain of error on the part of his Honor in directing a verdict. We have held that he was correct in excluding the evidence attempted to be introduced by the defendants and with that excluded There was nothing left in the case to make out the attempted defense, and the Court was correct in directing a verdict for the plaintiff. *Bank* v. *Stackhouse,* 91 S. C. 455, 74 S. E. 977, 40 L. R. A. (N. S.) 454; *Bank* v. *Wallace,* 97 S. C. 52, 80 S. E. 460; *Bank* v. *Grimes,* 98 S. C. 220, 82 S. E. 420. All exceptions are overruled.

Judgment affirmed.

MR. JUSTICE HYDRICK, being disqualified, took no part in the decision of this case.