## 9112

### IOWA CITY STATE BANK v. HOEFER.

#### (85 S. E. 406.)

BILLS AND NOTES. PLEADINGS. ISSUES. EVIDENCE. DEFENSES. INTEREST—RELIEF.

1. BILLS AND NOTES—PLEADINGS—ISSUES.—Where the answer admitted that notes were given to a payee, and plead failure of consideration, the notes were admissible in evidence without proof of execution.
2. BILLS AND NOTES—DEFENSES AVAILABLE AGAINST HOLDER FOR VALUE BEFORE MATURITY.—Where promissory notes were given for the purchase money of goods sold under warranty, and there is evidence to show a breach of warranty, but there is no proof that a subsequent endorsee and holder for value before maturity had notice before he purchased the notes of any breach of warranty, and no proof that a person advising the purchaser to return the goods to the seller had authority from the holder of the notes to so advise, such defenses are not available against the holder.
3. PLEADINGS—RELIEF.—Where a demand for interest was not made in a complaint, nor is embraced within the issues thereby presented, interest is not recoverable in the action.

Before HON. W. A. HOLMAN, special Judge, Columbia, May, 1914. Modified.

The facts are stated in the opinion.

*Mr. C. S. Monteith,* for appellant, cites: *As to allowance of interest:* 97 S. C. 189; 19 S. C. 445.

*Mr. Hunter A. Gibbes,* for respondent, cites: *As to allowance of interest:* 61 S. C. 393; 64 S. C. 277; 66 S. C. 379. *Distinguishes:* 97 S. C. 189; 19 S. C. 445. *The complaint could be considered amended:* 61 S. C. 329; 61 S. C. 548; 68 S. C. 250; 68 S. C. 403; 68 S. C. 554; 24 S. C. 596. *Prayer immaterial:* 24 S. C. 43; 27 S. C. 225; 13 S. C. 439; Pomeroy Rem. 580; 27 S. C. 225; 13 S. C. 439. *As to authority of agent to settle claim by taking back the goods:* 1 Bail. 308; 1 Hill 184; 3 Rich. 211; 4 DeS. 44; 2 McC. 494; 1 DeS. 461; 1 Bail. 437; 34 S. C. 533; 6 S. C. 406; 4 Rich. 10; 4 Cyc. 945; 12 S. C. 509; 47 S. C. 396; 8 Rich. 468; 45 S. C. 188.

May 27, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This was an action on four negotiable promissory notes, aggregating $199.70 given by defendant to the Royal Company of Iowa City, Iowa, and endorsed by the payee to the plaintiff for value before maturity, and without notice of any infirmity in the notes. These facts being shown, the Court directed a verdict for plaintiff for the full amount of the notes with interest.

Error is assigned in admitting two of the notes in evidence without proof of the execution thereof by defendant. There is no merit in this contention, because the defendant admits in his answer that he gave the notes to the Royal Company, and alleges, as a defense, that they were given in payment of the purchase price of goods bought of that company, under warranty and an agreement that, if the goods were not as warranted or were not satis-

factory, they should be returned; that they were not satis-
factory or as warranted, and the seller was immediately
notified of that fact, and that defendant would not pay for
them, but would return them; that, thereafter, an agent of
the plaintiff called upon defendant, and, after examining
the goods, told him to return them to the Royal Company
and there would be no further liability; that the goods were
accordingly returned. There was testimony tend-
ing to prove the defense alleged, except there was no
proof that plaintiff had any notice of it before it
bought the notes, and there was no proof that the person
who is alleged to have been the agent of plaintiff and alleged
to have told defendant to return the goods to the Royal
Company and there would be no further liability (though
this was denied by the alleged agent), had any authority
from the plaintiff to do so. The Court, therefore, cor-
rectly held that the defense was not available against the
plaintiff.

The plaintiff, in the complaint, demanded judgment for
$199.70. No claim was made for interest. Therefore,
without amending the complaint, interest was not
recoverable, as it was not consistent with the case
made by the complaint and embraced within the
issue. *Straub* v. *Screven,* 19 S. C. 445.

The judgment is reversed, unless plaintiff shall remit the
interest.