## 9261

### CITY NATIONAL BANK v. GIVEN.

#### (87 S. E. 998.)

BILLS AND NOTES. PROOF OF PROTEST. NOTICE. ISSUES.

1. BILLS AND NOTES—NOTICE OF PROTEST.—Under Civil Code, secs. 2528 and 3990, the certificate of protest of a promissory note under the hand and official seal of a notary public in a sister State is admissible in evidence upon its production without further proof as to the authenticity of the notary's signature.

2. BILLS AND NOTES—PRESENTMENT—PARTIES.—It is not necessary in an action against the maker of a note to prove that it was presented and payment demanded, though the place of payment is specified in the note. *McNair v. Moore*, 55 S. C. 435, 33 S. E. 491, followed.

3. BILLS AND NOTES—BONA FIDE PURCHASER—QUESTION FOR JURY.— Evidence that the purchaser of a note had sufficient notice to put him on inquiry that the note was given for machinery sold under a warranty *held* not to make a question for the jury as to whether he would be bound to recognize the maker's claim for breach of warranty, or failure of consideration, although in this State a sound price implies a warranty of fitness.

Before DeVore, J., Aiken, October, 1915.     Affirmed.

Action by City National Bank, of Lansing, Michigan, against John M. Given. From judgment for plaintiff, the defendant appeals. The facts are stated in the opinion.

*Mr. John F. Williams,* for appellant, cites: 80 S. C. 292; Civil Code, secs. 2528 and 3990.

*Mr. J. B. Salley,* for respondent, cites: *As to notary's certificate:* Civil Code, secs. 2528 and 3990; 2 Daniel Neg. Inst. (5th ed.), secs. 945, 595, 969, 933. *Proof of presentment:* 55 S. C. 438, 439; 13 Peters 136; 45 S. C. 533. *Direction of verdict:* 91 S. C. 304, 458, 461, 462; 28 S. C. 143, 149; 100 S. C. 353, 358; 101 S. C. 207; 7 Cyc. 956, 959; 8 S. C. 302; 97 S. C. 52; 98 S. C. 218, 220. *Discounting note:* 19 S. E. 361; 11 Ann. Cas. 204; 34 Ann. Cas. 977.

February 25, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against the defendant upon a negotiable promissory note for $1,642, and interest and protest fees. Plaintiff alleges in its complaint that it is the owner and holder of the note complained upon, and a *bona fide* purchaser of the same for value before maturity and without notice. Defendant admits the execution and delivery. of note, but denied that the plaintiff was owner and holder of the same and purchased the same without notice, and alleges failure of consideration. The case was tried by Judge DeVore and a jury at the October term of Court, 1915, for Aiken county. At the trial plaintiff offered in evidence the original note sued on, a copy of which was in its complaint, and the notary's protest of note under his official seal purporting to show that the note was presented for payment at the Monongahela National Bank, in the city of Pittsburgh, Pa., when it became due, and that payment thereof was refused. Objection was made to the certificate of the notary being received in evidence, on the ground that there was no proof of the authenticity, except the mere certificate of the notary himself, under his official seal, which objection was overruled.

Plaintiff introduced evidence tending to show that the plaintiff acquired the note by purchase for value before

maturity of the same, without notice of any failure of consideration or other infirmity in the note sued on. Defendant's counsel stated that he could show no notice of infirmity in the note other than that shown by plaintiff's evidence thereupon. Upon motion of plaintiff, his Honor directed a verdict in favor of plaintiff, and after entry of judgment, defendant appeals, and by two exceptions alleges error on the part of the Circuit Court.

The first exception complains of error on the part of the Judge in admitting in evidence the certificate of protest under his official seal made by the notary in Pittsburgh, Pa., who presented the note and demanded payment when it was due, and protested the same for nonpayment, on the ground that the presiding Judge should have required some proof of the authenticity of the signature of the notary before admitting it in evidence. There is no merit in this exception. This is settled by sections 2528 and 3990, Code of Laws for South Carolina, 1912, and also this is an action against the maker of the note and not against an endorser thereof. *McNair* v. *Moore*, 55 S. C. 438, 33 S. E. 491, and cases therein cited. This exception is overruled.

The second exception is: "That the presiding Judge erred in holding that there was no testimony to go to the jury, it being respectfully submitted that there was sufficient testimony to take the case to the jury, in that it appeared that the bank officials had sufficient notice of the transaction to put them on inquiry as to the machinery for which the note was given, and in that when they had knowledge that it was a note representing the sale of machinery in South Carolina, where a sound price warrants a sound commodity, that a sound price had been agreed upon, the purchaser of the note would be bound to recognize the maker's claim for a breach of the warranty or a failure of the consideration."

This exception is overruled, under the authority of *Bank* v. *Stackhouse,* 91 S. C. 458, 74 S. E. 977, 40 L. R. A. (N. S.) 454; *The Lowry Natl. Bank* v. *Seymour,* 91 S. C. 305, 74 S. E. 648; *Edens* v. *Gibson,* 100 S. C. 353, 84 S. E. 1005; *Bank* v. *Hoeffer,* 101 S. C. 207, 85 S. E. 406.

Judgment affirmed.