9296

## FARMERS BANK v. CRAWFORD *ET AL.*

## SAME v. CRAWFORD.

### (88 S. E. 13.)

1. BILLS AND NOTES — INNOCENT PURCHASERS — RIGHTS OF. — Where defendants, having executed promissory notes, executed new notes on the holder's representation that he had lost the originals, but required no indemnity bond to save them harmless on the originals, defendants' payment of the second notes will not defeat the rights of an innocent purchaser to whom the holder had fraudulently disposed of the original notes.

1a. BILLS AND NOTES—PARTIES—DEMAND.—Commencement of action is a sufficient demand for payment of notes in action against maker.

2. BILLS AND NOTES—DEFENSE—BURDEN OF PROOF.—The burden of proof is on the maker of a negotiable note to prove that an indorsee holding same is not an innocent purchaser without notice and a mere showing that there were circumstances tending to cast suspicion on the note will not establish bad faith.

3. BILLS AND NOTES—ISSUES—VERDICT.—A verdict for plaintiff properly directed where testimony shows that a negotiable promissory note fraudulently obtained by payee from maker, was subsequently acquired in good faith for value before maturity, by the indorsee holding it, and there is no testimony tending to show such holder to have been guilty of negligence, laches or other defense.

Before MEMMINGER, J., Edgefield, March, 1915. Affirmed.

Actions by the Farmers Bank against J. R. Crawford, G. R. Crawford and C. W. Crawford. The facts are stated in the opinion. From judgment for plaintiff, defendants appeal.

*Mr. B. E. Nicholson,* for appellants, cite: *As to payment to payee:* 7 Cyc. 1038; 14 S. C. 452. *Laches and negligence of holder:* 14 S. C. 444. *Purchaser for value:* 7 Cyc. 929.

*Mr. Wm. N. Graydon,* for respondent, cites: *As to burden of proof:* 2 Jones, Mortgages 956. *Demand:* 7 Cyc. 963, 964, 965; 55 S. C. 435; 9 Rich. L. 61. *Notice:* 21 Okla. 206; 95 Pac. 785. *Negligence:* 44 L. R. A. (N. S.)

395; 2 Wall. 110; 28 S. C. 143. *Presumptions:* 91 S. C. 305; 87 S. C. 76; 77 S. C. 39; 91 S. C. 455; 77 S. C. 267; 78 S. C. 531; 2 Rich. L. 657; 97 S. C. 52; 98 S. C. 220; 100 S. C. 353.

March 2, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

These cases were suits on promissory notes which were given to John L. Talbert on June 7, 1912, for $278.50 and $110, and payable to the order of John L. Talbert on November 1, 1912. The notes were given for fertilizers sold by John L. Talbert to the defendants. The form of the notes was that used by the Farmers Bank of McCormick, the plaintiff herein. The plaintiff alleges that it acquired the notes from Talbert for value the day they were given, and alleges that they were innocent purchasers for value of the same without notice of any defenses to the same. The defendants admit execution of the notes sued on, and allege that after making of notes that Talbert falsely and fraudulently represented to them that he had lost the notes, and induced them to give other notes payable October 15, 1912, for the same amounts, and that they had paid these latter notes, and alleged that the plaintiff had negligently and carelessly failed to notify the defendants that it held their notes, and thereby that the defendants were induced to pay the second notes given by them to Talbert. At the close of the evidence in the case, upon motion of plaintiff's attorney, his Honor, Judge Memminger, before whom the case was tried, directed a verdict for the plaintiff, and after entry of judgment the defendants appeal, and by nine exceptions impute error on the part of his Honor in doing so.

These exceptions raise the points that there was testimony to sustain the defenses set up in the answer of payment, and fraud on the part of Talbert in obtaining the notes, and

collusion on the part of the bank. That the bank was guilty of negligence and laches under all the circumstances of the case, and that it should not be permitted to recover against the defendants, and that the bank was not an innocent purchaser for value without notice.

The defendants, when they executed a promissory note and parted with it, no matter what the understanding between the parties were, ran the risk of having to pay it when it turned up in the hands of an innocent holder, as was said by a Judge of this State; when a person executes a negotiable promissory note and parts with it, it is like turning a fish loose in a stream, where the public are entitled to fish; whoever catches it is entitled to enjoy it.

These defendants give their negotiable notes to Talbert and put it in Talbert's power to dispose of them. They put it in Talbert's power to put the notes on the market. He did so by disposing of them to the plaintiff. Later Talbert told them the notes were lost, they took Talbert's word for it, and gave him notes in place of them. They took no steps to protect themselves by making it appear by the notes that they were given for lost notes, neither did they require of Talbert an understanding to indemnify them in case the lost notes turned up. It does seem hard to satisfy good business men of the danger of giving negotiable notes unless they fully intend to pay that particular note. The numerous authorities of this Court that lay down this doctrine ought to convince the public of this. See the recent cases of *Bank v. Seymour,* 91 S. C. 305, 74 S. E. 648; *Bank v. Wallace,* 97 S. C. 52, 80 S. E. 460; *Commerce Trust Co.,* 98 S. C. 320, 82 S. E. 420; *Bank v. Stackhouse,* 91 S. C. 455, 74 S. E. 977; *Edens v. Gibson,* 100 S. C. 353, 84 S. E. 1005.

It was not necessary to demand payment of the maker of the notes. The bringing of the action was a sufficient demand. *McNair v. Moore,* 55 S. C. 435, 33 S. E. 491.

The *onus* was on the defense to show that the plaintiff was not an innocent purchaser without notice. They have failed to do so. Mere suspicion that the note is defective is not sufficient, they must prove bad faith on the part of the holder.

There is nothing in the exceptions that convinces us that the Judge was in error. All that the circumstances show, and the inference to be drawn from the testimony is, that the defendants were overreached, not by the plaintiff, but by Talbert, and their own carelessness and lack of caution and care on their part; that the plaintiff acquired the notes in good faith for value before maturity, and are innocent purchasers, and entitled to recover.

The evidence fails to convince that the plaintiff was guilty of such negligence or laches that would estop them for recovering, and, under the evidence, the defendants failed to show any defense that would defeat the plaintiff's claim, and we see no error on the part of his Honor in directing the verdict. All exceptions are overruled.

Judgment affirmed.