### 9328

### CANNON v. CLARENDON HARDWARE CO.

#### (88 S. E. 284.)

1. FRAUD—DECEIT—ACTIONS—EVIDENCE.—A mere estimate by witnesses that a piano, for the purchase of which defendant gave a $300 note, was not worth more than $90, is not evidence of fraud in the transaction.

2. BILLS AND NOTES — POSSESSION — PRESUMPTION. — The possession of negotiable paper duly uttered carries with it a presumption of title to the holder.

Before BOWMAN, J., Manning, February, 1915. Affirmed.

Action by W. D. Cannon against the Clarendon Hardware Company. Judgment for plaintiff, and defendant appeals.

*Mr. J. J. Cantey,* for appellant, cites: *As to plaintiff's failure to testify:* 2 Evans, Poth. Obl. 149; 22 Fed. Cas. 1285-6; 106 La. 586; 31 A. & E. Ann. Cas. 1914a, 919.   *Burden of proof and question for jury:* 29 L. R. A. 638; 145 Iowa 185; 44 Am. Dec. 693; 83 Am. St. Rep. 150; 42 L. R. A. 326; 31 Am. Rep. 273; 57 Am. Dec. 120; 10 L. R. A. 676; 3 R. C. L. 1041, 1071, 1075.   *Question as to ownership:* 22 A. & E. Anno. Cas. 1912a, 186; 81 S. C. 24.

*Mr. J. H. Lesesne,* for respondent, cites: 86 S. E. 3; 84 S. C. 1005; 98 S. C. 220; 91 S. C. 455; 97 S. C. 52; 85 S. E. 406.

March 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This was a suit on two notes executed by the appellant to the Brenard Manufacturing Company.   On the back of the notes there was an assignment written to the plaintiff,

purporting to be signed by Brenard Manufacturing Company. The defendant admitted the execution of the notes, but denied that the plaintiff was an innocent purchaser for value, without notice before maturity, and alleged that the notes were executed as a part of a contract of sale of a piano.

The contract provided for a piano, worth $300, but the piano delivered was not worth more than $90. A mere estimate by witnesses that a chattel is not worth the agreed price is not evidence, standing alone, of fraud. One man thinks that a piano is excellent and no other make is to be considered. Another man may not think that piano at all desirable. The difference between the qualities of goods contracted for and the goods delivered may be evidence of fraud. The notes came from the possession of the plaintiff. Their execution and nonpayment were not denied. There was no notice to plaintiff proven.

A verdict for the plaintiff was directed by Judge Bowman. Under the case of *Bank* v. *Stackhouse,* 91 S. C. 459, 74 S. E. 977, 40 L. R. A. (N. S.) 454, he could have done nothing else. It is said, "The possession of such paper carries the title with it to the holder."

The judgment should be affirmed.

MESSRS. JUSTICES HYDRICK, WATTS, and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting.* This is an action on two promissory notes, dated the 3d of March, 1911, whereby, in one of them, the defendant promised to pay to the order of the Brenard Manufacturing Company the sum of $50 on the 3d of October, 1911; and, in the other, a like sum to the same party, on the 3d of November, 1911. The complaint alleges that the said notes, before maturity, were assigned to the plaintiff for valuable consideration, and that he is now the owner and holder thereof. The defendant denied these allegations, and alleged that the defendant and

the Brenard Manufacturing Company entered into an agreement on the 3d of March, 1911, for the sale of a piano on certain conditions, which the said company failed to perform, whereby it became indebted to the defendant in an amount sufficient to satisfy said notes, and that the plaintiff knew such facts when the notes were assigned to him. At the close of the testimony, the plaintiff made a motion for the direction of a verdict by the jury, which was granted, and the defendant appealed.

The practical question raised by the exceptions is whether there was any testimony tending to show that the plaintiff was not a *bona fide* holder of the notes, for value and without notice of the equities existing between the original parties. There was testimony tending to prove: That when the defendant and the Brenard Manufacturing Company entered into their agreement, on the 3d of March, 1911, the defendant executed six notes, each in the sum of $50, payable, respectively, in three, four, five, six, seven, and eight months after date, in consideration of said piano, and as a part of said contract (the said notes being attached to the written agreement); but there was a provision therein to the following effect: "Notes below to be detached by the Brenard Manufacturing Company." That the defendant paid several of these notes to the Bank of Summerton, for the Brenard Manufacturing Company, when they matured, and the two unpaid notes herein were presented in the same way. That the defendant never heard of the plaintiff until this contest arose after the maturity of all the notes, four of which were collected for the Brenard Manufacturing Company, after their alleged assignment to the plaintiff on the 29th of March, 1911. That the Bank of Summerton did not at any time notify the defendant that the notes herein had been placed in its hands by the plaintiff. That all the notes were assigned to the plaintiff by the Brenard Manufacturing Company on the 29th of March, 1911, as collateral security, but four of them were collected through the Bank

of Summerton thereafter for the Brenard Manufacturing Company, and the two notes were placed in the hands of the bank in the same way. That the defendant did not know until it received a letter from the Brenard Manufacturing Company, some time after all the notes had fallen due, that the notes in question had been assigned to the plaintiff. That on the 15th of October, 1911, the defendant wrote to the Brenard Manufacturing Company as follows:

"We find that you still have our notes, but according to our agreement, we are to have a refund of $75.00, if our sales did not reach $15,000.00. If you will send these two notes to the Bank of Summerton, and instruct them to turn them over to us, and collect the $25, we will settle with them."

That the Brenard Manufacturing Company did not notify the defendant, when it received said letter, that it did not then have the notes in its possession. That the plaintiff did not testify in said case.

On the note payable seven months after date are the following indorsements:

"Pay to the order of W. D. Cannon, Jr. Brenard Mfg. Co., per J. L. Records."

"Pay to the order of Iowa National Bank, Davenport, Iowa. Iowa City State Bank, Iowa City, Iowa."

"Pay to the order of any bank or banker. Mechanics American National Bank, September 29th, 1911, St. Louis, Mo. All indorsements guaranteed."

"Pay to the order of the bank or banker presenting this item for collection. The Iowa National Bank, Davenport, Iowa, F. B. Yetter, Cashier."

It will be observed that the plaintiff did not indorse the notes, nevertheless it appears to have been placed in circulation.

On the other note there does not appear any indorsement except the following:

"Pay to the order of W. D. Cannon, Jr.   Brenard Mfg. Co., per J. L. Records."

When these circumstances are considered together, they tend to show that the plaintiff was not the owner and holder of the notes.

For these reasons, I dissent.