10024

## MERCHANTS NAT. BANK v. SMITH *ET AL.*
### HICKMAN v. SAME.

#### (96 S. E. 690.)

1. ALTERATION OF INSTRUMENTS—IMMATERIAL ALTERATION. — Alteration of a note in an immaterial particular will not affect its validity.

2. BILLS AND NOTES—HOLDER IN DUE COURSE—NOTICE OF DEFECTS—NONPAYMENT OF INTEREST.—The mere fact that installments of interest were overdue and unpaid, disconnected with other facts, was insufficient to impute notice of defects to one taking a negotiable note for value, before maturity, to prevent his becoming a *bona fide* holder.

Before GARY, J., Pickens, —— term.

Judgment in the case of Merchants National Bank affirmed, and judgment in the case of C. W. Hickman reversed and the case remanded with instructions to enter up judgment for plaintiff.

Actions by the Merchants National Bank and by Charles W. Hickman against Lloyd H. Smith and others. From a judgment in the first case for plaintiff, defendants appeal; and from judgment in the second case for defendants, plaintiff appeals.

*Messrs. Cothran, Dean & Cothran,* for C. W. Hickman, plaintiff-appellant, submit: *The Circuit Judge should have directed a verdict in favor of the plaintiff, for the reason that no other inference can be reasonably drawn from the testimony, than that the plaintiff was a commercial assignee of the note sued upon:* 91 S. C. 454; 97 S. C. 52; 98 S. C. 218; 98 S. C. 220; 100 S. C. 354; 103 S. C. 340; 103 S. C. 411; 103 S. C. 538; 104 S. C. 350; 105 S. C. 100; 29 L. R. A. (N. S.) 388. *The fact that a note calls for interest payable annually and is assigned after the first interest period has passed, but before the maturity of the note, is not of itself sufficient to affect the purchaser with notice that the instrument is dishonored, or to put him on inquiry concern-*

*ing the same, or to constitute a circumstance carrying the question to the jury:* 45 Wis. 110; 15 Wis. 260; 108 Mass. 497; 30 Am. R. 702; Bigelow on Bills (2d Ed.) 445 (Ind.); 69 Am. St. 365; 103 U. S. 762; 96 U. S. 58 (Conn.), 38, at 871; 1 Hughes 410; 64 Ala. 158; 1 Jones on Mortgage (6th Ed.), sec. 841, p. 882; 108 Mass. 497; 113 U. S. 476; 15 Wis. 260; 41 Wis. 630; 45 Wis. 110; 30 Am. 697; 45 Wis. 10; 30 Am. Rep. 397 (Wis.); 25 N. W. 10; 50 N. E. 775; 21 Ind. App. 358; 69 Am. St. Rep. 365; 62 Pac. 751; 38 Or. 68; 84 Am. St. Rep. 752; 181 S. W. 805; 19 Idaho 18; 112 Pac. 525 (Can.); 11 Am. Cas. 33 (Ind.); 69 Am. St. 365; 170 Fed. 313 (Fla.); 57 So. 678 (Miss.); 54 So. 883; 52 Fed. 98 (Wash.); 11 Pac. 509 (Can.); 11 Am. Cas. 53; 170 Fed. 313 (C. C. A.); 136 U. S. 268; 123 Fed. 221; 126 Fed. 884 (Or.); 84 A. St. 196 (note by Judge Freeman); 2 Daniel on Negotiable Instruments, 3d Ed., sec. 1506a; 96 U. S. 51; 103 *Id.* 756; 1 Hughes 410; 8 Biss. 358; 64 Ala. 127, 158; 108 Mass. 479; 15 Wis. 260; 45 *Id.* 110; S. C. 30 Am. Rep. 697; 9 Mees & W. 15; 96 U. S. 51; 103 U. S. 756; 106 U. S. 589; 113 U. S. 476; 4 Allen 562; 108 Mass. 497, 501; 65 Fed. 457; Code of Procedure 561. *If the Court cannot conclude that the plaintiff was incontrovertibly a commercial assignee of the note, the defendants were not entitled to recover upon the alleged breach of guaranty, for the reason that it was not shown that the defendants complied with the express terms of that guaranty:* 122, p. 187; 96 N. E. 396; 52 N. E. 708; 121 N. W. 282; 142 S. W. 653; 101 S. W. 1179; 1 Strob. 407; 68 S. C. 218; 2 McM. 229; Rich. 457.

Same counsel, for Merchants National Bank, plaintiff-respondent, rely upon the points made, and the authorities cited in their argument on the exceptions in Hickman's appeal, and submit in addition: *The Circuit Judge was correct in holding that the alleged interlineation of the words "without offset" in the note was not an alteration in a material particular, and does not affect the validity of the*

*note:* 12 Rich. L. 387; 14 S. C. 355; 101 N. E. 10; 56 S. W. 169; 48 Ind. 459; 30 Miss. 10; 2 Penny. (Pa.) 257; 1 Ruling Case Law 969; 1 Ruling Case Law 1044; 45 Am. Dec. 371. *The words "without offset" regularly made a part of a note cannot have the effect of shutting off a set-off which the maker may have against the payee in an action by him against the maker:* 1 Hughes (U. S.) 396; 2 Esp. 626; 13 Ves. Jr. 180; 12 C. E. L. 146; 16 Ind. 464; 3 Miss. 627; 1 Hughes (U. S.) 391; 10 Mo. 396; 5 Watts & S. 367 (Ia.); 57 N. W. 857; Randolph on Com. Paper, sec. 86. *The words "without offset" making a part of a negotiable note cannot have the effect of shutting off a set-off in favor of the maker against an asignee after maturity:* 2 P. & W. 245; 18 W. J. L. 222; 53 L. R. A. (N. S.) 166, note; 14 S. C. 357; 2 A. & E. 222; 1 Rand Com. Paper 177, p. 273; 9 Crouch (U. S.) 9. *The testimony shows that the proceeds of the note of J. Crouch & Son, to whom the note in suit was assigned as collateral, was placed to the credit of J. Crouch & Son in the bank and immediately checked out by them; it is not necessary under the law to show more than this, in order to make the bank an assignee in good faith:* 11 Am. Cas. 204; 69 S. C. 374; 77 S. C. 305. *As to the duty or power of the bank to apply to the note in question the deposits which J. Crouch & Son may have had when it fell due:* 5 Cyc. 554; 21 Maine 426; 32 Mo. 191; 176 Pa. St. 513; 20 St. 718; 3 Phila. 328 (Ind.); 4 L. R. A. 111 (Ky.); 39 S. W. 46 (Mich.); 74 N. W. 204 (Mo.); 80 S. W. 696; 3 C. L. P. 598; 101 S. C. 457.

*Messrs. Carey & Carey,* for defendants-appellants, in the case of Merchants National Bank, and respondents in Hickman's case, cite: *As to overdue and unpaid interest being sufficient to charge plaintiffs with notice:* 3 R. C. L., p. 1080, sec. 285; 96 U. S. 58; 51 Barb. 263; 79 Ala. 590; 108 Mass. 497; 142 Ga. 821; 83 S. E. 961; 165 N. C. 74; 80 S. E. 1065; 154 Mo. 136; S. W. 28. *As to the bank's right to apply the deposits of J. Crouch & Son to protect itself*

*against the dishonored note:* 2 Am. Cas. 204, also 40 L. R. A. (N. S.) 454. *As to the effect of the interlineation of the words "without offset:"* 140 S. W. 770; 51 L. R. A. (N. S.) 346; 4 A. & E. Cyc., 23d 304; 2 *Ibid.* 308; 97 S. C. 52; 98 S. C. 218; 91 S. C. 455. *As to the Hickman case, we submit that the Judge was right in refusing to direct a verdict for plaintiff—there was evidence of fraud:* 216 Fed. Rep. 281; 91 S. C. 455. *As to the addition of the words "without offset" being a material alteration:* 6 Ala. 707; Daniel on Negotiable Instruments, 6th Ed., sec. 1395; 11 Fed. Cases 539; 9 N. J. L. 120.

July 16, 1918.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

The two cases above stated were heard together, and are known as the Bank case and the Hickman case, for convenience of reference. The Bank case is a suit on a note dated January 14, 1907, due October 1, 1909, for $1,000, and the Hickman case is a similar suit on a note of the same date for $1,000 due October 1, 1910. Both notes were given for a stallion sold the defendants by J. Crouch & Son, of the State of Indiana. The plaintiffs claim to be purchasers of value before due of said notes, without notice of the defenses relied upon by the defendants.

The suits were filed in the Court of Common Pleas for Pickens county August 26, 1910. Long after the issues were made up in the cases, on the 19th day of October, 1914, the plaintiffs procured assignments of the original contracts of sale of said horse, and on the 25th day of September, 1915, filed supplemental complaints, setting up in each case a second cause of action arising out of these contracts and assignments. The defendants in their answers deny that the plaintiffs are purchasers before due, in good faith, for value, of said notes, and set up failure of consideration in said notes, breach of warranty, and fraud in procuring the

contracts, and alterations of said notes after they were given, and allege that the plaintiffs took said notes with notice, and occupy the same position as J. Crouch & Son, with whom all the contracts were made. On these pleadings the cases were tried before Judge F. B. Gary at the March, 1916, term of Court. At the close of the testimony the plaintiffs made a motion for directed verdicts. The motion was refused in both cases; the trial Judge holding that they should both go to the jury. He afterwards changed his mind as to the Bank case, and directed a verdict for the plaintiff, but sent the Hickman case to the jury, which resulted in a verdict for the defendant. From the judgment in the Bank case the defendants have appealed, and in the other case Hickman has appealed.

In the Hickman case the appellant by ten exceptions alleges error in not directing a verdict for the plaintiff, and in the Bank case the appellants by six exceptions allege error in directing a verdict in favor of the plaintiff. The exceptions in the Bank case are overruled. His Honor had ample authority for directing a verdict under the facts of the case as developed in evidence and under the authorities of this Court. *Bank v. Stackhouse,* 91 S. C. 455, 74 S. E. 977, 40 L. R. A. (N. S.) 454; *Bank v. Wallace,* 97 S. C. 52, 80 S. E. 460; *Bank v. Grimes,* 98 S. C. 218, 82 S. E. 420; *Edens v. Gibson,* 100 S. C. 354, 84 S. E. 1005; *Bank v. Given,* 103 S. C. 174, 87 S. E. 998; *Bank v. Crawford,* 103 S. C. 340, 88 S. E. 13; *Trimble v. Carlisle,* 103 S. C. 411, 88 S. E. 28; *Cannon v. Hardware Co.,* 103 S. C. 538, 88 S. E. 284; *Harrison v. Crosby,* 104 S. C. 350, 88 S. E. 1102. *Farmers & Mechanics Bank v. Whitehead,* 105 S. C. 100, 89 S. E. 657.

In the Hickman case the facts are identical, but as to the alleged interlineation of the words "without offset" in the note his Honor charged the jury that, even if the interlineation had been made after the execution and delivery of the note, it did not amount to an alteration of the note in a material particular and could

not affect the validity of the note. There is no exception or appeal from that ruling on the part of his Honor. An alteration of a note in any immaterial particular will not affect its validity.

The other circumstances claimed to constitute notice that the annual interest on the note was past due and unpaid at the time the note was assigned, but before the maturity of the note, are not sufficient to affect the purchaser with notice, or put him on inquiry concerning the same, or to constitute such a circumstance as to carry the case to the jury. The note sued on is dated January 14, 1907; maturity October 1, 1910; date of transfer, July 19, 1910; interest to be paid annually. The mere fact that the interest was not paid cannot affect a *bona fide* purchaser for value of negotiable paper, as it is a mere incident of the debt, and the holder loses no right as against the parties, whether makers or indorsers, by failure to demand it, and does not constitute a circumstance to put purchaser on notice or to make inquiry. The fact alone that installments of interest were overdue and unpaid, disconnected with other facts, is not sufficient to affect the position of one who takes a negotiable note for value before maturity and becomes a *bona fide* holder, and Hickson's note is not subject to the defenses set up. We think the exceptions of Hickman should be sustained, and that his Honor was in error in not directing a verdict in favor of the appellant.

The judgment of the Court is that the judgment of the Circuit Court in the case of Merchants National Bank be affirmed, and that in the case of C. W. Hickman that the judgment be reversed, and the case remanded to the Circuit Court, with instructions to the clerk of Court of Pickens county to enter up judgment for the plaintiff for the sum of $1,059.32, with interest at 6 per cent. per annum from October 1, 1910, and 10 per cent. attorney's fees, under the authority of *Naval Stores Co. v. Hamer,* 92 S. C. 427, 75 S. E. 695.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of Mr. Justice Watts in this case. There is no binding authority in this State. I do not question the authority of the case of *Bank v. Stackhouse.* That is the leading case, and the strongest of them all. A negotiable note transferred before maturity must be paid, unless the maker can show actual notice. The Stackhouse case did not hold that the entire amount stated in the note must be due and unpaid before defenses could be let in. That question was not before the Court. Does the failure to pay interest when due give the same notice of defects that the failure to pay the principal gives? I know that the authorities differ on this question. When there is no binding authority, it seems to me, a Court should follow that line of authorities that is in its judgment most in accord with the reason of the rule. The presumption is that the obligation set forth in the note will be performed, and, when it is not, then the fact that the obligation is not met puts the purchaser on the inquiry. The payment of the interest on a note is as much a part of the obligation as the payment of the principal. The obligation is just as truly broken by the failure to pay the interest as the failure to pay the principal. Indeed, the failure to pay interest discredits the note more than the failure to pay the principal, because it is easier to pay interest than to pay the principal. I cannot find a basis for the presumption that one who cannot or will not do that which is comparatively easy will do that which is comparatively difficult. Besides this, the Negotiable Instrument Act—Acts 1914, p. 677, sec. 52 (4)—is comprehensive and says:

Section 52: "A holder in due course is a holder who has taken the instrument under the following conditions: * * * (4) That at the time it was negotiated to him he had *no* notice of *any* infirmity in the instrument or defect in the title of the person negotiating it." (Italics mine.)

The failure to pay the principal is notice of infirmity. I cannot see how it can be that failure to pay installments of interest can be held to be *"no notice of any infirmity."*

For these reasons, I dissent.

MR. CHIEF JUSTICE GARY concurs with MR. JUSTICE FRASER.